Note.—See under (1) 27 Cyc. p. 1708; (2) 27 Cyc, p. 1709; (3) 27 Cyc. p. 1709.

---

### NEW AMSTERDAM CASUALTY CO. v. SCOTT, Gdn., et al.

No. 15165—Opinion Filed March 3, 1925.

**1. Pleading—Judgment on Pleadings.**

A judgment on the pleadings is rendered, not because of the lack of evidence or proof, but because of a lack of issue of fact. If the pleadings present no material issue of fact, then it becomes a question of law as to which party is entitled to judgment. (Mires v. Hogan, 79 Okla. p. 233, 192 Pac. 811.)

**2. Appeal and Error—Supersedeas—Discretion of Trial Court.**

In cases where the statute makes no provision for a supersedeas, or a stay of the judgment or final order, as a matter of right, the trial court may, in the exercise of its discretion. allow a supersedeas or stay on such terms as it may prescribe for the protection of the parties, pending an appeal to the appellate court.

**3. Same—Failure to Give Appeal Bond—Enforcement of Judgment Against Guardian.**

Where the trial court requires the party aggrieved to execute a supersedeas or appeal bond, in the event of an appeal, and the appellant fails to execute the bond, the judgment of the trial court is not stayed, and where the judgment is against a guardian, suit may be instituted against surety on the guardian's bond, pending the appeal.

**4. Guardian and Ward—Liability on Guardian's Bond—Lack of Defensive Issue.**

A judgment of the probate court against a guardian based on a final report is conclusive against the guardian, and her surety, except the surety may plead payment, deny the execution of the bond or deny that the funds with which the guardian is charged are secured by the bond sued on, and in a suit to recover against the surety on the guardian's bond, based on the judgment of the probate court, and answer to the petition, which interposes a general denial. followed by an admission of the guardianship, execution of the bond, the sale of the land, for which the sale bond was given, and the rendition of the judgment sued on and setting up no special defense authorized, no issue of fact is joined by the pleadings.

**5. Election of Remedies—Actions by Minor on Guardian's Bond and Against Purchaser of Land at Guardian Sale.**

A minor, by his guardian, may maintain a suit against the bondsmen on his guardian's bond for funds misappropriated by the guardian, received from the sale of land, and at the same time maintain a suit to recover the purchase price of the land from the purchaser wherein he prays for an alternative judgment for recovery of the land.

**6. Same—Right to Pursue Consistent Remedies.**

Where more than one remedy to deal with a single subject of action exists and they are not inconsistent, all may be used concurrently, but a satisfaction in one is a satisfaction in all.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Cherokee County; J. T. Parks. Judge.

Action by D. O. Scott, as guardian of Levi Scott Clark, a minor, against New Amsterdam Casualty Company et al. Judgment for plaintiff, and the defendant named appeals. Affirmed.

Kent V. Gay, for plaintiff in error.

Bruce L. Keenan, for defendants in error.

Opinion by JONES, C. This action was instituted in the district court of Cherokee county, Okla., on the 23rd day of February, 1923, by D. O. Scott, guardian of Levi Scott Clark, a minor, as plaintiff. against Mary A. Clark and the New Amsterdam Casualty Company, defendants. The plaintiff, D. O. Scott, in his petition alleges that he is the qualified and acting guardian of the estate of Levi Scott Clark, a minor, that Mary A. Clark was formerly guardian of the estate of said minor. and that the New Amsterdam Casualty Company is a corporation duly authorized and doing business in the state of Oklahoma; that the said Mary A. Scott during the time that she was guardian of said minor by and under the authority given her by the county court of Cherokee county, sold certain real estate of said Levi Scott Clark, a minor, for the sum of $1,600; that said money was paid by the purchaser, Tom Dawes, to J. D. Cox, then county judge of Cherokee county, and al-

leges that in certain proceedings thereafter had that the question of whether or not the payment of said $1,600 to J. D. Cox, county judge, was a payment at all for the lands sold, since the money did not come within the control of the said Mary A. Clark, guardian, and that in said proceedings the court held that said Mary A. Clark was liable on such payment, and as guardian was required to account for said sum of money. Thereafter said Mary A. Clark under order of the court filed her report as such guardian, and was by the court discharged, and upon the hearing of the final report said New Amsterdam Casualty Company, defendant, surety for said guardian upon an additional sale bond, appeared and contested the said payment and the amount therein shown to be due the ward, or the amounts thus owing the ward, and on said hearing the court found that the guardian was due the said ward the sum of $1,138.30, and ordered same to be paid into court to the then lawful guardian, D. O. Scott, from which order and judgment of the court the defendant New Amsterdam Casualty Company appealed to the district court, and thereafter, on the 11th day of September, 1922, the cause came on to be heard in the district court, and upon the hearing of same the court found that the said Mary A. Clark was indebted to the ward's estate in the sum of $1,087.76, and directed payment of same to the said D. O. Scott, guardian of said minor, and further adjudged that said payment would be an exoneration of the future liability of the said Mary A. Clark as such guardian and New Amsterdam Casualty Company, surety, defendants in said case. A copy of said judgment is marked as an "exhibit," attached to plaintiff's petition and made a part thereof.

The judgment further provides that in case of an appeal from said district court to the Supreme Court of Oklahoma, a supersedeas bond to stay proceedings thereon be given within 30 days in the sum of $1,-500, from which order and judgment of the court, the New Amsterdam Casualty Company excepts and prosecutes this appeal; the said Mary A. Clark does not join in the appeal and neither of the party defendants executed the supersedeas bond as required by the judgment of the district court, and the appeal is prosecuted without giving the bond for the purpose of staying further proceedings in the trial court. The plaintiff further alleges in his petition that on the 5th day of December, 1918, the New Amsterdam Casualty Company, defendant, made and entered into a bond, being an additional sale bond, with the defendant Mary A. Clark as principal and the New Amsterdam Casualty Company as surety, in the penal sum of $1,000 to the county judge of Cherokee county, a copy of which is made a part of plaintiff's petition; and is an additional bond for sale of real estate in regular form; alleges that the conditions of said bond have been broken by reason of the default of the said Mary A. Clark, and prays for judgment against said Mary A. Clark in the sum of $1,087.76 and for $1,000 against the New Amsterdam Casualty Company. The defendant, New Amsterdam Casualty Company, in answer to plaintiff's petition interposes a general denial, and further answering admits that Mary A. Clark was the duly appointed, qualified, and acting guardian of the estate of Levi Scott Clark, a minor, and that it executed bond for her as is in said petition stated, and that said Mary A. Clark, as such guardian, attempted to make a sale of certain lands belonging to the said Levi Scott Clark, her ward, for which she received the sum of $1,600, and further answering avers that thereafter said Mary A. Clark, in the exercise of ordinary prudence, deposited said sum of $1,600 with J. D. Cox, then county judge of Cherokee county. That said sum was deposited in a certain bank in the city of Tahlequah, that said bank was a going institution and that a reasonably prudent business man would deposit this sum therein, and that thereafter said deposit was lost by reason of the failure of said bank, and that neither said Mary A. Clark nor the sureties on her final bond are therefore charged with the loss of said funds.

Defendant further avers that an appeal was taken from the judgment of the district court (heretofore referred to) and upon which this action is based, and that said appeal is now pending in the Supreme Court of the state of Oklahoma [since decided, 104 Okla. 145, 130 Pac. 891], and that no final judgment settling the accounts of Mary A. Clark, as the guardian of Levi Scott Clark, has been had and that therefore this suit is prematurely brought, one of the conditions precedent to maintaining a suit against a lawful guardian, and her surety on account of funds due to the ward being a final adjudication of the amounts due. Defendant further answers and as an additional defense to plaintiff's cause of action, avers that there is a case now pending in the district court of Cherokee county, being No. 1838, wherein said minor, Levi Scott Clark, is prosecuting a suit against J. D. Cox, Tom Dawes, and the New Amsterdam

Casualty Company, this defendant; said cause, however, has been discontinued in so far as the defendant New Amsterdam Casualty Company is concerned. That in said cause said minor seeks to recover from the said J. D. Cox the sum of $1,600, being the same money referred to in plaintiff's petition herein, and a portion of which plaintiff sues this defendant for in this action, and that in said cause the said minor also seeks to recover the said sum of $1,600 from Tom Dawes, the purchaser of said land, and as an alternative relief seeks to recover from the said Tom Dawes the real estate, the allotment of said minor, which was sold by his guardian in the proceedings in which this defendant, New Amsterdam Casualty Company, executed the additional sale bond referred to in plaintiff's petition, and being the land from the sale of which the $1,600 in controversy was derived as the purchase price, and a portion of which this defendant is being sued for. And that said minor by reason of having instituted said suit has elected his remedy herein and for that reason cannot now proceed against this defendant as surety on the sale bond. Wherefore, having fully answered therein, the defendant New Amsterdam Casualty Company prays the court that it go hence with its cost, that in the event that any judgment goes against it that it have judgment for such sums so adjudged, over against said Mary A. Clark. To such answer the plaintiff filed his reply and denies all of the averments of the defendant's answer set up as a defense to plaintiff's cause of action; denies that the action is prematurely brought, and alleges that the appeal was taken without giving the supersedeas bond fixed by the court, asks that certain portions of defendant's answer be stricken, and prays for judgment against the New Amsterdam Casualty Company on the pleadings in the sum of $1,000. Thereafter, on the 14th day of November, 1923, plaintiff filed motion for judgment on the pleadings, and upon hearing of the same the court sustained said motion and rendered judgment for the plaintiff, rendering judgment also against Mary A. Clark, the former guardian, for the sum of $1,087.76, and against the New Amsterdam Casualty Company in the sum of $1,000, with interest from September 11, 1922, at six per cent. And also rendered judgment in favor of the defendant New Amsterdam Casualty Company, against Mary A. Clark in the sum of $1,065.67, and cost. The defendant New Amsterdam Casualty Company duly excepted to said judgment and prosecutes this appeal to the Supreme Court of the state of Oklahoma, and assigns as error the action of the court in sustaining the motion of the plaintiff, D. O. Scott, as guardian of Levi Scott Clark, a minor, for judgment on the pleadings.

The appellant discusses in its brief the question of when it is proper to sustain a motion for judgment on the pleadings, and cites the case of Goode et al. v. First National Bank of Roff et al., 88 Okla. 110, 211 Pac. 1051, and other authorities which announce the rule that rendering judgment on the pleadings is not favored by the courts, etc., and calls attention to the case of Mires v. Hogan, 79 Okla. 233, 192 Pac. 811, which lays down the rule that:

"A judgment on the pleadings is rendered not because of the lack of evidence or proof, but because of a lack of issue of fact. ***"

This we recognize as a correct rule, and applying this and other well established rules governing the question in hand, we must determine whether or not the pleadings in this case are sufficient to withstand a motion for judgment on same. And in approaching this question the first subject for our determination is, was the suit prematurely brought, which is one of the averments of the defendant's answer; and depends upon whether or not the judgment of the trial court should be stayed wherein appeal is taken to the Supreme Court, without executing supersedeas bond as required by the judgment of the trial court appealed from, and this question has heretofore been determined by this court adversely to appellant's contention.

In the case of In re Epley, 10 Okla. 631, 64 Pac. 18, this question was squarely passed on, construing section 800, Comp. Stat. 1921, which provides:

"Execution of the judgment or final order of any judicial tribunal, other than those enumerated in this article, may be stayed on such terms as may be prescribed by the court or judge thereof in which the proceedings in error are pending."

The Epley Case was followed by this court in the case of Palmer v. Harris, 23 Okla. 500, 101 Pac. 852, 138 Am. St. Rep. 822, in a very well-reasoned and exhaustive opinion on this subject authorizing trial courts in their discretion to require the execution of supersedeas bonds as a condition precedent to the staying of the judgment, and while an appeal may be taken without the execution of the bond as required, such an appeal does not stay execution on the judgment in the trial court, and in view of

these authorities we hold that in this case the supersedeas bond required, not being given, that suit based on the judgment may be properly maintained against the sureties on the guardian sale bond pending the appeal.

The suit being properly instituted, the second question that confronts us is, Is there an issue of fact joined by the pleadings? The defendant in its answer interposes a general denial, which if standing alone might be sufficient to join issue with certain allegations of plaintiff's petition, but it further answers, and admits the execution of the bond in controversy, and the guardianship of Mary A. Clark, and the attempted sale of certain lands and that she, the said Mary A. Clark. as guardian, received the sum of $1,600 as the purchase price of said lands of her ward, and as a further defense to plaintiff's cause of action avers due diligence on the part of the guardian in the depositing of the money in controversy in the bank that afterwards failed, causing the loss of the money, and in the next paragraph of its answer alleges the facts upon which it bases its contention that this suit was prematurely brought, having been instituted before the appeal to the Supreme Court from the judgment of the district court, affirming the judgment of the county court, had been disposed of, wherein the guardian was found liable for the sum sued for herein, but we have heretofore disposed of this contention by reason of the fact that we find that the failure to give the supersedeas bond left the judgment of the trial court in full force and effect, and authorizes the institution of this suit based on said judgment, although appealed from, hence this averment constitutes no defense.

Defendant next avers that by reason of the institution of a certain suit or action by the minor, Levi Scott Clark, against the county judge. and the purchaser, and this defendant, wherein he seeks to recover the purchase price of the lands from the county judge, and from the purchaser, and prays for an alternative judgment for the recovery of the land, constitutes an election of remedies, and precludes or now estops the said D. O. Scott, guardian of said minor, from further prosecution of this cause against the sureties on the sale bond, based on a former judgment of the county court affirmed by the district court against the guardian of said minor, but we do not understand this to be such an election of remedies as will sustain appellant's contention. It is the pursuit of two concurrent remedies, and is permissible. However, under the general rule of law the successful termination of one would be a bar to the further prosecution or recovery in the other; however, this rule does not necessarily apply; there might be such a set of circumstances and conditions as would authorize a ward to recover money squandered by his guardian and at the same time recover the lands sold, and from which the monies recovered against the guardian were the proceeds or the purchase price derived from said sale; in such event, if the money recovered from the guardian still remained in the hands of the ward, the purchaser from whom the land is recovered might recover the purchase price still in the hands of the ward, or his guardian. Cotner v. Jacobs Grocery, 84 Okla. 1, 202 Pac. 997; 20 Corpus Juris 19; Zimmerman v. Robinson & Company, 128 Iowa, 72; Rowell v. Smith, 3 Ann. Cas. 773, 123 Wis. 510, holds:

"Where more than one remedy to deal with a single subject of action exists and they are not inconsistent, all may be used concurrently, but a satisfaction in one is a satisfaction in all."

"Where only one remedy exists to deal with a single subject-matter, but through mistake one not appropriate is invoked. the proper remedy is not thereby waived."

As heretofore stated the general denial standing alone might join some issue of fact, but the matter set up in avoidance of, or as a defense of the judgment by defendant in its answer, destroys the effect of the general denial. Glacken v. Andrew, 69 Okla. 61, 169 Pac. 1096:

"Although a reply, to an answer which sets up a judgment in bar, contains a general denial of the matters set up in the answer, where the reply undertakes to allege acts which are intended to avoid the effect of the judgment as to that particular claim, it is in effect an admission of the fact of the existence of the judgment coupled with the defense that the judgment is inoperative against the plaintiff's claim, and where the affirmative facts set up are insufficient in law to defeat the defense of res adjudicata, it was not error to order judgment on the pleadings, notwithstanding the general denial."

And Chambers v. Kirk et al., 41 Okla. 696, 139 Pac. 986, in the fourth paragraph of the syllabus announces a similar rule.

From a careful examination of the pleadings in this case, we are inclined to the opinion that there was a lack of issue regardless of the fact that the answer contained a general denial of all the allegations contained in plaintiff's petition. We think the defense otherwise interposed is

sufficient to establish the fact that there is no issue raised. The judgment of the county court sued on in this case, and which is the basis of the action, is held to be conclusive against the guardian and the sureties on her bond, and while there are defenses which may be interposed by the sureties, such as payment, denial of the execution of the bond, and denial that the monies with which the guardian is charged with having squandered or be..g liable for are the monies covered by the bond in controversy, but these defenses must be specifically pleaded, a general denial not being sufficient to join issues on such question, and it is clear from the record taken as a whole that the question of whether or not the money involved and with which the guardian is charged was protected or indemnified by the bond executed by the defendant, New Amsterdam Casualty Company, which they admit they executed, was the sale bond to indemnify or protect the ward against any dereliction of duty on the part of the guardian in handling same, and a general denial in the face of this fact, which clearly appears from the pleadings, obviously would not be sufficient and there is no plea of payment and a substantial admission that the bond given secured the money with which the guardian was charged with, and we find no sufficient error to justify a reversal of this case, and therefore recommend that same be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 31 Cyc, p. 666; (2) 3 C. J. p. 1289; (3) 3 C. J. p. 1208; (4) 28 C. J. pp. 1237, 1294, 1307 (1926 Anno); (5) 20 C. J. p. 8; (6) 20 C. J. pp. 6, 7, 19.