## OKLAHOMA CITY v. SHEPHERD.

No. 23576.    June 11, 1935.

W. H. Brown, Municipal Counselor, Harlan T. Deupree and A. P. Van Meter, Asst. Municipal Counselors, for plaintiff in error.

Shirk, Danner & Earnheart, for defendant in error.

RILEY, J. This is an appeal from a judgment in favor of defendant in error, herein referred to as plaintiff, in an action to recover damages caused by an overflow of plaintiff's premises, alleged to be due to the wrongful construction of a storm sewer, whereby surface water from a large area of the city was collected into said sewer and discharged in a large volume into an open ditch near plaintiff's premises. From 25 to 40 acres of the area drained by said storm sewer naturally drained in a different direction, and the water therefrom did not come near plaintiff's premises before the sewer was constructed, and the natural course of the drainage from said area was changed so as to divert the surface water from its natural drainage into said storm sewer.

The flood involved in this case is the same as that involved in the case of Oklahoma City v. Bethel (175 Okla. 193, 51 P. [2d] 313.) The two cases were tried together before the same jury on substantially the same issues. Separate verdicts were returned and judgment in this case was rendered in favor of plaintiff in the sum of $243.75. Plaintiff alleged that as a result of the overflow of his premises on June 14, 1930, about 500 bales of alfalfa hay in the stack, but not baled, of the value of $375, were completely destroyed; 3 acres of growing blue grass, of the value of $300, were destroyed and drowned out; 5 acres of growing alfalfa, of the value of $135, were destroyed; that the reasonable cost of replanting the blue grass was $75. He prayed for judgment in the sum of $885.

Defendant concedes in its brief that there is evidence tending to prove the damage to the personal property of plaintiff, and does not contend that the verdict is not sustained by sufficient evidence.

The court gave the jury a separate instruction on the measure of damages in this case, and defendant makes no contention that there is error therein.

Defendant contends that the court erred in refusing to give an instruction on the duty of plaintiff to exercise reasonable care and caution to minimize his damages.

There is no evidence whatever in the record tending to show that plaintiff failed to exercise such duty. The only evidence relied upon by defendant in its brief concerns only the alleged acts of plaintiffs in the Bethel Case.

The contention is wholly without merit in this case.

The other matters relied upon are discussed in the Bethel Case and held not sufficient to require a reversal.

The judgment is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, BUSBY, WELCH, CORN, and GIBSON, JJ., concur. PHELPS, J., disqualified, not participating.