## FAIR DEPARTMENT STORE v. GREENBERG et al.

No. 23231.   Sept. 10, 1935.

Lucien B. Wright, for plaintiff in error.

Silverman, Rosenstein & Fist and Joe N. Shidler, for defendants in error.

PER CURIAM. The parties will be referred to as they appeared in the trial court.

Plaintiff filed suit on itemized verified account against defendant for balance due on purchase price of goods, wares and merchandise.

After filing two separate motions to make plaintiff's petition more definite and certain, both of which were overruled, defendant, on December 10, 1930, filed its answer, alleging that certain garments, called "blazers" were unsalable, and that plaintiff had theretofore offered to accept one-half of the quoted price on same; further, that plaintiff had offered to deduct five per cent. from the total bill if defendant would keep certain goods which had not been shipped by plaintiff at the time agreed. The defendant tendered into court at that time the balance claimed to be due, less half the price of the blazers and less five per cent. of the total bill. Thereafter plaintiff filed reply admitting the facts set up in defendant's answer, and prayed judgment for the balance, and thereafter, and on June 2, 1931, filed its motion for judgment on the pleadings. On July 6, 1931, the court, over the objections and exception of the defendant, sustained said motion and rendered judgment in favor of the plaintiff for the sum of $446.41, with six per cent. interest thereon from December 26, 1929, to December 10, 1930, and costs. Defendant excepted and filed motion for new trial, which was overruled July 20, 1931, exceptions allowed, and notice of appeal given.

Defendant appeals on the theory that the judgment is contrary to law in that no basis was laid for the computing of the proper amount for which judgment should be rendered. Plaintiff's petition set out the amount claimed to be due and prayed judgment for that amount. Defendant answered admitting the correctness of the items of the account and tendered into court the balance claimed to be due, less one-half the price of the blazers and five per cent. discount on the total amount of the bill. The itemized sworn statement of account attached to the petition showed total debits of $1,892.75 and total credits of $1,207.50, leaving the balance of $685.25 sued upon; one of the debits was for $103.75, representing a returned check, which was balanced by a credit of equal amount. Deducting that amount from the total debits leaves $1,789 as the total amount of the "bill"; deducting from this credit claimed on the blazers in the sum of $157.25, leaves the true amount of the "bill," as contended for by defendant and admitted by plaintiff, $1,631.75; five per cent. of this amounts to $81.59. Deducting these two allowances, which total $239.08, from the $685.25 sued for, leaves $446.41, the amount of the judgment. Here were all the facts necessary for the exact figuring of this judgment. Defendant had admitted them and asked judgment in accordance therewith, so there was no issue of fact left to be tried, and motion for judgment on the pleadings was rightfully granted.

If the pleadings present no material issue of fact, then it becomes a question of law as to which party is entitled to judgment. New Amsterdam Casualty Co. v. Scott, 106 Okla. 268, 234 P. 181; Mires v. Hogan, 79 Okla. 233, 192 P. 811.

The judgment is affirmed.

The defendant in error directs the court's attention to the supersedeas bond filed, a copy of which appears in the case-made on file in this court, and prays for judgment thereon. Fair Department Store, a corporation, executed the bond as principal, and Annie Meyer signed it as surety. The judgment was entered July 6, 1931, for $446.41, with interest thereon from the 26th day of December, 1929, to December 26, 1930, at the rate of six per cent. per annum and costs. Judgment is rendered against the surety on said bond in said amount, with interest from the date of the judgment hereby affirmed, said judgment to be enforced in the district court.

The Supreme Court acknowledges the aid of Attorneys W. G. Roe, T. M. Robinson, and Cecil R. Chamberlin in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Roe and approved by Mr. Robinson and Mr. Chamberlin, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, and CORN, JJ., concur.