## UNITED STATES FIRE INSURANCE CO. v. McBURNEY, Ex'r.

No. 27520.   Oct. 5, 1937.

Rehearing Denied Nov. 23, 1937.

Rittenhouse, Webster & Rittenhouse. for plaintiff in error.

A. J. Welch, for defendant in error.

BAYLESS, V. C. J.   Charles H McBurney, executor of the estate of George W. McBurney. deceased, sued United States Fire Insurance Company, of New York, a corporation, in the district court of Custer county, Okla., to recover $1,000 upon a fire insurance contract. The verdict of the jury was in his favor, and the company appeals.

The building involved was a 28-room, two-story house in Oklahoma City. The plaintiff and the agent of the company writing the policy lived in Clinton, Okla. There is no dispute about the execution and delivery of the policy, the payment there-

for, the fire and a loss of at least $1,000, the face of the policy. We mean by this that no issue was raised on these points at the time of trial. The controversy arose over defenses claimed under the terms of the policy.

The policy recited that the house was used as a dwelling by one family only. The premium thereon was $15.50. Actually it was used as a negro rooming house, which was rated as more hazardous and carried a premium of more than $50. The petition did not allege the terms and conditions of the policy. A demurrer thereto was filed, but was overruled for lack of presentation. Thereupon, the company answered and pleaded this increased hazard as a defense. The plaintiff thereupon replied by (1) a general denial; (2) a specific plea that he furnished the company full information concerning the nature of the house and its use at the time the policy was applied for; (3) a plea that the company had inspected the property after the policy was written, and then obtained knowledge of these facts; and other defenses not material to this discussion. The motion for judgment on the pleadings was filed by the company, and complaint was made of the court's action in overruling it. With this argument is joined the argument that the court also erred in overruling the company's objection to the introduction of evidence by the plaintiff.

The court did not err in overruling the motion. The rule is that, if the pleadings do not present a controverted material issue, then the question of which is entitled to judgment is one of law, and judgment may be rendered on the pleadings. New Amsterdam Casualty Co. v. Scott, 106 Okla. 268, 234 P. 181. Stated another way, the rule is: Where a pleading presents a material issue, a motion for judgment on the pleadings will not lie. Noland v. Owens, 13 Okla. 408, 74 P. 954, and numerous cases down to and including Billy v. LeFlore County Gas & Elec. Co., 146 Okla. 227, 293 P. 1009. In the pleadings outlined, material issues were presented.

The court did not err in overruling the objection to the introduction of evidence. As we have heretofore said, there were controverted issues which could only be settled by a consideration of the evidence. The company next argues that the terms

of the policy bind the parties, and since the purpose of plaintiff's action is to recover upon terms differing therefrom, the contract should first be reformed. The sole difference between the parties in so far as this appeal is concerned relates to the classification of hazard for calculating the premium. The argument is met by the plaintiff's contention that the company wrote the policy with full knowledge of the facts furnished by plaintiff. This was supported by evidence. In addition to this, the plaintiff offered in his reply to submit to judgment for the additional premium under the more hazardous classification. It does not appear whether the company took advantage of this offer. To all practical purposes the issue thus tendered serves all that could be obtained by an action for reformation. We do not mean to say that such steps should be used as a substitute for the reformation of an instrument, but with such a record before us, we would be loath to reverse for recasting issues and retrial.

What we have just said also covers the company's argument that the terms of a written contract cannot be extended by estoppel or waiver.

The company complains of overruling the demurrer to the evidence and denying its motion for directed verdict. We have heretofore pointed out that triable issues were joined by the pleadings. It now becomes our duty to say that there is evidence to support the defenses of the plaintiff to the issues presented by the company. The plaintiff testified more than once that he told the company's agent the nature of the use, and occupancy of the house. This is sufficient to support the verdict of the jury. Under such circumstances, it was proper to submit the issue to the jury, and to deny the company's plea.

The company complains of the error of receiving incompetent evidence. Several instances are cited. But, when the entire record is examined, it must be conceded that the effect of these answers was slight. They did not deal with extraneous issues, and therefore did not inject new matters. They could not have misled the jury on the material issue.

Lastly, the company complains of the giving of certain instructions, and the refusal to give certain requested instructions. We have examined the instructions given, and find that they fairly presented the issues and the law. The requested instructions did not add to the strength of these, and some of them touched on the theory of reformation which has been discussed heretofore and rejected.

The plaintiff attempted to cross-appeal upon the question of allowance of interest. The error complained of was one occurring at the trial of the case. A motion for new trial and a denial thereof are necessary steps to a cross-appeal. Title Guaranty & Surety Co. v. Foster, 84 Okla. 291, 203 P. 231, and City of Sapulpa v. Young, 147 Okla. 179, 296 P. 418. There is no motion for new trial by plaintiff in the record, nor order relating to one. Therefore, we cannot consider plaintiff's cross-appeal.

The judgment is affirmed.

The plaintiff moves for judgment upon the supersedeas bond. We find in the record such a bond, with Hartford Accident & Indemnity Company as surety, conditioned for the payment of the judgment. The motion of the plaintiff is granted and judgment is hereby rendered in his favor upon said bond for the same amount, and to the same extent as against the defendant company, and at the time the trial court spreads the mandate of record, it is directed to likewise enter this judgment against said surety upon its records.

OSBORN, C. J., and WELCH, CORN, and HURST, JJ., concur.