**PECHACEK v. HIGHTOWER et ux.**

No. 35548.

Supreme Court of Oklahoma.

Jan. 19, 1954.

Rehearing Denied April 20, 1954.

Goode, Goode & Henson, Shawnee, Bohanon & Adams, Oklahoma City, for plaintiff in error.

F. H. Reily, Joe H. Reily, Shawnee, for defendants in error.

ARNOLD, Justice.

Plaintiff Libbie Pechacek brought this action in the District Court of Pottawatomie County upon two causes of action, the first asking for a mandatory injunction requiring defendants J. H. Hightower and Mrs. J. H. Hightower to remove a levee built by them adjacent to Shan Creek and the second seeking damages caused by the diversion of flood waters by said levee upon the lands of plaintiff. Defendants filed answer and cross petition consisting of a general denial and allegations that any damage sustained by plaintiff was caused by her wrongful and tortious construction of a levee upon her lands which threw flood waters upon defendants' lands, compelling defendants in self-defense to erect the levee upon their lands complained of by plaintiff alleging damages sustained to defendants' land caused by plaintiff's levee, and asking for judgment against plaintiff for such alleged damages and for a mandatory injunction requiring plaintiff to remove her levee.

Plaintiff's evidence reasonably tends to show that plaintiff owned 40 acres in Section 16 north of a section line road running between Sections 16 and 21, Pottawatomie County, and 80 acres in Section 21 south of said road; defendants own 40 acres in Section 21 south of said road and adjoining plaintiff's 80 acres on the east; Shan Creek runs in a generally north-south direction along the eastern boundary of plaintiff's 40 acres in Section 16, thence across said road and between plaintiff's 80 acres and defendants' 40 acres in Section 21; in times of flood Shan Creek overflowed both its east and west banks; the overflow water on the east side ran in a well defined course from plaintiff's land down onto defendant's land, which was lower than plaintiff's land, while the overflow waters on the west side ran across plaintiff's 40 acres to the north of the road, down onto her 80 acres south of the road; prior to 1943 the western bank of the creek on plaintiff's north 40 acres in Section 16 had eroded and the breaches had been filled with brush and posts; early in 1943 plaintiff hired a bulldozer to reconstruct the breaches in the west bank of the creek and it was filled in at approximately the level of the normal creek bank before it eroded; late in 1943 defendants purchased the 40 acres south of plaintiff's 40 acres and just east of her 80 acres; in about March, 1944, defendants constructed a levee about 5 feet high, running east and west, across the entire north boundary of his 40 acres and up to the edge of the creek bank, and sometime later continued the levee to the south on the eastern bank of the creek so that his 40 acres was enclosed by a continuous levee on two sides; the next day after defendants constructed their east-west levee plaintiff had the fill on her 40 acres in Section 16 north of defendants' land raised about a foot or so and extended to the north to a hill; that in June, 1948, there occurred the first damaging flood since the construction of the levees or fills of plaintiff and defendants; that defendants' levee blocked all the flood waters which normally ran over the eastern bank of the creek and down onto defendants' land, diverting all the flood waters to the west and causing plaintiff's north 40 acres to take a greater volume of the flood waters than it had ever done before and diverting all the flood waters away from defendants' 40 acres and onto plaintiff's 80 acres in Section 21; that these flood waters caused the top soil to wash away, created ditches and washes in the land, and made sand dunes on the land; that prior to the flood damage in 1948 plaintiff's land was worth $26,000 and after the flood damage it was worth $12,000.

Defendants' evidence reasonably tends to show that the normal course of the flood waters of Shan Creek was in a southwesterly direction across plaintiff's north 40 acres and down across her south 80 acres; that when plaintiff first put in her levee on the north 40 acres it was one or two feet high; that in about March, 1943, plaintiff raised

her levee from about two to about five or six feet; that at that time defendant protested to plaintiff that her levee would throw all the flood waters to the east and down on his land; that after plaintiff put in her levee in 1943 his land started washing for the first time; that he told plaintiff unless she removed her levee he would have to put up a levee to protect himself; that in March, 1944, he had a bulldozer put up a levee on the north side of his land to protect it from flood waters; that thereafter plaintiff protested about his levee and he offered to remove his levee if plaintiff would remove hers; that before he put in his levee and before plaintiff put in hers a little water came down the east side of the creek and on his land; that since putting in his levee no flood waters have come on defendants' land.

The court sustained a demurrer to defendants' cross petition asking for damages against plaintiff. The court submitted plaintiff's cause of action asking for damages against defendants to the jury, specifically reserving the questions of mandatory injunction sought by both plaintiff and defendants to be decided at a later date. The jury returned a verdict for defendants on plaintiff's cause of action for damages and judgment was entered in accordance with the verdict. Plaintiff filed her motion for new trial. At a later hearing on plaintiff's request for a mandatory injunction against defendants and defendants' request for a mandatory injunction against plaintiff the court entered a mandatory injunction ordering both plaintiff and defendants to remove their respective levees. Plaintiff filed her supplementary motion for new trial to this decree and judgment of the court and defendants filed their motion for new trial, all of which motions were by the court overruled. From order overruling her motion for new trial and supplementary motion for new trial plaintiff has appealed, and defendants have cross appealed as to that part of the court's judgment ordering them to remove their levee.

Plaintiff complains that the court erred in giving Instruction No. 7, which is as follows:

"And you are further instructed that an owner of land situated on a water course may construct an embankment to protect his land from excess flood water where the embankment as built will not in times of ordinary flood cause the overflow to destroy or to injure the lands of another proprietor on the water course. In this connection the court tells you that no riparian proprietor has a right to construct by dam, dike, or otherwise anything which in time of ordinary flood would increase the volume of water thrown on the lands of another. And in the event such situation should arise, the other landowner would have the right to repel such water."

This instruction, plaintiff says, does not present the theory on which she tried the case and which she introduced evidence to prove, namely, that she constructed her levee so as to restore the creek banks to their original height, as she had a right to do, so as to bring the creek back to its natural course; that this was a fundamental issue in the case because it went to her right to recover. With this we must agree.

█ The rule governing such cases as here plead and asserted is stated in Sinclair-Prairie Oil Company v. Fleming, 203 Okl. 600, 225 P.2d 348, 349, 23 A.L.R.2d 741:

"A riparian owner upon a stream may construct necessary embankments, dikes, or other structures to maintain his bank of the stream in its original place and condition, or to restore it to that condition, and to bring the stream back to its natural course when it has encroached upon his land; and, if he does no more, other riparian owners cannot recover damages for the injury his action causes them."

█ Plaintiff had an absolute right to restore the banks of the creek to their original condition and she would not be liable for any consequences of such act. Defendants, of course, have the same right, but they do not have the right, even though plaintiff may have done more than restore the creek banks to their original state, to construct a levee which will repel all flood waters, not only those cast on them by plaintiff's levee but also those which had normally, before

construction of any levee, flowed across their lands.

■ Though the evidence is conflicting as to whether plaintiff did more than restore the original banks of the creek in the construction of her levee she was entitled to an instruction advising the jury what her rights in this regard were. The instruction given does not present the correct rule of law. This was fundamental error and prejudicial to plaintiff.

Inasmuch as neither plaintiff nor defendants in their briefs present any proposition covering the mandatory injunction feature of this case this court will consider plaintiff's assignments and defendants' cross assignments of error on the point as waived and will not pass on the question.

Reversed.

HALLEY, C. J., JOHNSON, V. C. J., and CORN, O'NEAL, WILLIAMS and BLACKBIRD, JJ., concur.