Emma Jean BURNS, Plaintiff in Error,

v.

Earl M. WOODSON and Joe K. Page, Defendants in Error.

No. 38952.

Supreme Court of Oklahoma.

June 13, 1961.

Windham & Windham, Poteau, Arnote, Bratton & Allford, McAlester, for plaintiff in error.

Joe K. Page, Poteau, Charles S. Woodson, Drumright, for defendants in error.

PER CURIAM.

The petition of plaintiff alleged that she was the owner and in possession of a part of Lot 8 in Block 108 in the City of Poteau and more particularly described by metes and bounds, free and clear of any right, title, interest or estate of said defendants; that she obtained title to said real property under the terms of a will of her mother, who died testate on August 5, 1939, and by the decree of the County Court of LeFlore County, Oklahoma. She alleged that the defendants, Earl M. Woodson and Joe K. Page, were claiming some interest in the property by reason of a deed from George Bird Noble, her father, to said defendants, dated January 17, 1958; that George Bird Noble was incompetent to execute the deed on said date for the reason that he was under the influence of narcotics and in a debilitated physical condition; that the deed from George Bird Noble was champertous and void for the reason that he had not been in possession of the real property and had not collected the rents, profits, or paid taxes thereon for more than a year prior to said date; that George Bird Noble had no interest in said described real property, but that on the 15th day of January, 1958, there was recorded a deed dated September 30, 1944, from Emma Jean Noble Goss, plaintiff's former name, to George Bird Noble to Lot 4 in Block 64, Lots 8 and 9 and the South 30 feet of Lot 10 in Block 108 in the City of Poteau,

Oklahoma; that the plaintiff had no knowledge of said deed and that plaintiff never signed the instrument as filled out and filed; that the instrument was obtained by fraud, deceit and misrepresentations on the part of George Bird Noble; that there was no consideration given for the deed from Emma Jean Noble Goss to George Bird Noble and that George Bird Noble had never made any claim whatever on the real property from the date of its purported execution; that George Bird Noble had recognized the ownership of said real property to be in plaintiff, and that the defendants, Earl M. Woodson and Joe K. Page knew or should have known that she was the owner of said described real property; that she has been in the open, notorious, adverse and hostile possession of said real property since 1949, claiming the same as her own against all persons whomsoever; that her title to said real property be quieted in her and that the deeds from Emma Jean Noble Goss to George Bird Noble and the deed from George Bird Noble to the defendants, Earl M. Woodson and Joe K. Page, be cancelled and for such other relief, both legal and equitable, to which she might be entitled.

The defendants filed answer and cross-petition denying generally all the allegations in plaintiff's petition and alleged that they were the owners in fee simple title of the real property described in plaintiff's petition, and that they were in and asserting constructive possession and were not entitled to immediate, actual, exclusive possession thereof. The defendants admitted that the plaintiff once acquired title to the property by devise from her mother, but that on September 30, 1944, the plaintiff for valuable consideration sold, transferred and conveyed all of her right, title and interest therein to George Bird Noble, and that said George Bird Noble immediately thereafter went into actual possession and remained in possession thereof. Defendants further alleged that George Bird Noble is the father of Emma Jean Burns and after he acquired title and possession of said real property, he allowed Emma Jean Burns to acquire rents from said property because of his love and affection for her, and because she needed money. Defendants further alleged that on January 17, 1958, George Bird Noble for valuable consideration sold all his right, title and interest in said property to the defendants and that the defendants were now claiming title and possession and right to possession. Defendants further alleged that the deed from Emma Jean Burns was a valid conveyance, which passed title to George Bird Noble and that the deed from George Bird Noble to the defendants was valid and passed title of said real property to the defendants. The defendants prayed that the court deny any relief to plaintiff and prayed that the court quiet the title to said real property in the defendants.

The defendants filed an amendment to answer in the case on July 23, 1958, stating that they were in constructive possession of the premises for the reason that they had taken steps to prevent the plaintiff from collecting rents thereon and had secured said rents to await the court's order. The defendants deleted the word possession from their cross-petition in all other places.

The plaintiff answered the cross-petition of the defendants by denying each and every allegation contained in said cross-petition and affirmatively reasserted all the matters contained in the plaintiff's petition.

In the journal entry of judgment the court cancelled the deed from George Bird Noble to Earl M. Woodson and Joe K. Page and the deed from Emma Jean Noble Goss to George Bird Noble and quieted the title to the real property involved herein in the plaintiff and decreed that Earl M. Woodson and Joe K. Page each have a lien in the sum of $1,750 on the above described property.

■ We will first dispose of the question raised by the plaintiff that the defendants did not properly perfect a cross-appeal. Her position is sound on this. Whether the judgment giving her title to the property in question was correct cannot be challenged

on the cross-appeal because there was no motion for new trial filed by the defendants. There was no notice of intention to appeal. Additional time to perfect the appeal was not asked for or granted. The judgment that was entered in the case was entered on March 12, 1959. The order overruling plaintiff's motion for new trial was entered on September 25, 1959. The cross-petition in error was filed December 14, 1959. We have held that a cross-petition in error will not be considered where no motion for new trial was filed by cross-appellant. United States Fire Ins. Co. v. McBurney, 181 Okl. 297, 73 P.2d 407. In some cases where cross-appeals have been allowed it was found that the cross-appellant had done everything necessary to invoke the jurisdiction of this court including the filing of the motion for new trial, and giving notice of intention to appeal to the Supreme Court and the cross-petition in error was filed in the time allowed for commencing proceedings in error. Title Guaranty & Surety Co. v. Foster et al., 84 Okl. 291, 203 P. 231.

■ In the early case of Paulter v. Manuel, 25 Okl. 59, 108 P. 749, we held that a cross-appeal must be prosecuted like other appeals or it would be dismissed.

The judgment of the trial court quieting the title to property in question not having been properly challenged must stand.

■ The remaining question is: "What right did the trial court have to enter judgment in favor of the defendants for $1,750.00 each and making the same a lien against the real estate?" The judgment actually only allowed a lien. According to this judgment the trial court held that the purported deed from the plaintiff to her father was void so no title to the lots in question was ever in the father. Any deed in this property that the father gave would confer nothing. No lien could attach to the land for his obligations. No evidence was offered to show that the plaintiff profited in any way from the services of the defendants to the plaintiff's father or that she in any way assumed the obligations of her father.

■■ It is urged that since the plaintiff seeks equitable relief this cause comes under the maxim that "one who seeks equity must do equity." However, we think that the maxim that "Equity follows the law" is applicable here. Since the deed to the father in this case was void he had no legal rights in the property and he could not encumber it in any legal way. In Phelan et al. v. Roberts et al., 182 Okl. 202, 77 P.2d 9, we said:

"Where the rights of parties to an action are clearly defined and established by law, equity has no power to change or unsettle such rights. The maxims of equity may be invoked to protect an existing right, but are unavailable to create a right where none exists. Equity follows the law. * * *"

The judgment of the trial court is affirmed as to that part of it which quieted title to the property in question in the plaintiff but reversed as to that part which gave a lien on property involved of $1,750 in favor of each defendant.

The Court acknowledges the aid of Supernumerary Judge N. S. CORN in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the court.

BLACKBIRD, V. C. J., and DAVISON, HALLEY, JOHNSON, IRWIN and BERRY, JJ., concur.

WILLIAMS, C. J., and JACKSON, J., concur in result.