**ALLIED HOTELS, LTD., Plaintiff in Error,**

**v.**

**Iris BARDEN, Defendant in Error.**

**No. 40347.**

Supreme Court of Oklahoma.

Jan. 28, 1964.

Rehearing Denied March 3, 1964.

■■■

■■ ■■

Gus Rinehart, Byrne A. Bowman, Oklahoma City, for plaintiff in error.

Phil E. Daugherty, William B. Rogers, Oklahoma City, Ames, Daugherty, Bynum, Black, Ashabranner & Rogers, Oklahoma City, of counsel, for defendant in error.

HALLEY, Vice Chief Justice.

Iris Barden, hereafter called plaintiff, commenced this action against (1) Allied Hotels, Ltd., a partnership consisting of Sylvannus G. Felix, Anthony A. Marneres and Eugene Jordan, hereafter called Allied, (2) H & J Construction Company, Inc., a corporation, and (3) Concho Construction Company, Inc., a corporation, for damages to her real property caused during and after construction of the Ramada Inn Motel in Oklahoma City in 1959.

The plaintiff for approximately twelve years prior to 1959 had owned a tract of approximately four and one-half acres bounded on the east by what is now the Cowboy Hall of Fame, on the west by what is now the Ramada Inn Motel, on the south by the Northeast Expressway and on the north by Northeast 63rd Street. Her property was improved by a frame house with asbestos siding, a garage-basement, a concrete swimming pool, a cement walk, and a gravel driveway. The grounds had many trees, shrubs, flowers and grass.

Allied acquired the land to the west of plaintiff's property and contracted with H & J Construction Company to build a large motel thereon. H & J Construction Company contracted with Concho Construction Company to perform certain blasting and dirt moving operations. Plaintiff's property is located downhill from the Allied property, which was virgin land covered by native grass, brush and boulders. During construction plaintiff's property sustained damage from vibration caused by blasting and damage from increased flow of water from the construction site. After construction was completed, plaintiff testified that she still receives certain damage from the increased flow of water from the motel property.

At the close of her evidence, the plaintiff dismissed her action against Concho Construction Company while reserving the right to proceed against the remaining defendants. However, H & J Construction Company demurred to plaintiff's evidence and the demurrer was sustained. The jury was then told by the trial court that the only defendant left in the case was Allied. The jury was also told that none of the issues pertaining to Concho or H & J were to be considered by the jury.

Allied presented its evidence and rested. The jury returned its verdict in favor of plaintiff for $27,700. Thereafter Allied filed its motion for new trial. The trial court overruled the motion on condition that plaintiff remit the sum of $12,700. Plaintiff filed such a remittitur within the time allowed by the trial court's orders. Judgment was entered for plaintiff and against Allied in the sum of $15,000. Allied gave notice in open court of its intention to appeal and filed its appeal in this Court within the time allowed by the orders of the trial court.

Allied argues ten separate propositions of error in its brief. Since some of them may properly be considered together, we will not discuss them in the order they are argued in the brief.

A. Allied's propositions I, II, VI and X are directed at the trial court's asserted error in failing to recognize the basis of plaintiff's action. Propositions VI and X are that the trial court erred in failing to submit the question of negligence to the jury and that the judgment is outside the scope of the issue. Propositions I and II are that the trial court should have sustained its objection to the introduction of evidence or its motion for directed verdict.

■■ Allied states that since plaintiff alleged that Allied was negligent, the trial court should have instructed on this theory and failure to do so is fundamental and prejudicial error. Allied cites City of Henryetta v. Runyan, 207 Okl. 300, 249

P.2d 425; Pechacek v. Hightower, Okl., 269 P.2d 342; Swafford v. Vermillion, Okl., 261 P.2d 187; and Kelly v. Employers Casualty Co., 202 Okl. 437, 214 P.2d 925.

In the case of City of Henryetta v. Runyan, supra, we said that certain instructions were erroneous because they failed to require the jury to find that the defendant's acts in erecting and operating a waterworks *caused* plaintiff's damages. In the Pechacek, Swafford and Kelly cases, supra, we said that instructions were fatally defective unless they presented the theory on which the case was tried and evidence introduced.

The instruction in the instant case meets the requirements outlined in the above cases. The jury was instructed that they must find that defendant diverted surface water flowing from defendant's property to plaintiff's property "in such manner as to cause injury" to plaintiff's property before they could return a verdict for plaintiff. We have previously held in cases such as this that the plaintiff need not prove negligent construction. In Oklahoma City v. Bethel, 175 Okl. 193, 51 P.2d 313, we said that no one has the authority to collect water by artificial means and permit it to overflow upon the premises of an adjacent owner in greater volume or velocity than it would naturally flow prior to the construction of such. We said:

"Such acts may well be said to be wrongful and unlawful without regard to the question of negligence."

In the companion case of Oklahoma City v. Shepherd, 175 Okl. 197, 51 P.2d 318, which arose from the same facts as the Bethel case, supra, we said in part in the first paragraph of the syllabus:

"* * * it is not error to fail to include an instruction to the effect that before plaintiff can recover he must prove the allegations of negligence."

In the instant case plaintiff alleged and offered proof of the facts that during and since the construction on defendant's property the defendants permitted large quantities of dirt, rock, silt, mud and debris to be deposited on her property which caused injury to her property. She also alleged that the construction was done in a negligent manner. Under the two cases cited immediately above and in these circumstances, plaintiff was not required to prove, and the trial court was not required to instruct on, negligent construction. Therefore the trial court committed no error in its instructions and the judgment is within the scope of the issues made up by the pleadings and the evidence.

Allied's propositions I and II are based on the fact that Allied's acts were all done through independent contractors. Allied relies principally on the case of Oklahoma City v. Caple, 187 Okl. 600, 105 P.2d 209, which states:

"The general rule is that an owner is not liable for the negligence of its independent contractor, except where the work is inherently dangerous or unlawful, or in cases *where the principal contractor owes* a contractual or *a defined legal duty to the injured party* in the performance of the work." (Emphasis ours.)

Allied's acts in the instant case fall within the exception to this general rule.

In Oklahoma Ry. Co. v. Boyd, 140 Okl. 45, 282 P. 157, we said that when one constructs an embankment across a stream, he owes a duty to third persons situated along said stream in the vicinity to construct it so as not to obstruct the natural flow of water as to flood and injure such third persons. In the second paragraph of the syllabus of the case we held:

"Where one owes a nondelegable duty to third persons, he cannot escape the obligation of performing such duty by engaging for its performance through or by a contractor, and in such cases the rule that an employer is not liable for the negligence of an independent contractor has no application."

Thus, Allied owed the nondelegable duty to the adjacent landowner to refrain from

causing injury to her property by permitting flow of waters in greater volume or velocity than before the construction. Therefore the trial court did not err in overruling Allied's objection to the introduction of evidence and its motion for directed verdict.

B. Allied's propositions III and IV assert error of the trial court in admitting in evidence plaintiff's exhibit number 23, hereafter called the exhibit. Allied states in its brief:

"Plaintiff offered in evidence a large map of the area prepared by her engineer showing numerous non-engineering, argumentative and self-serving legends purporting to set out damages to the property of plaintiff caused by defendant. * * * The defendant then was required to object * * *. The court then permitted the attorney for the plaintiff in the presence of the jury to scratch through the objectionable comments with a pen. The map as so marked was then received in evidence * * *."

The above statement by Allied is a fair summary of the events as revealed by the record. Allied urges error solely on the grounds of the "legends." Allied cites Houston v. Pettigrew, Okl., 353 P.2d 489, where we held that reversible error may result from the posing of a question for the purpose of arousing the sympathy or passion of the jury or planting prejudice in their minds. This is not such a case. We see no prejudice resulting to Allied from these proceedings. The witness was not questioned about the legends. There is nothing in the record to indicate that the jury saw the legends and Allied does not say in its brief that the jury did see them. We have examined the exhibit and can see that the objectionable words were entirely obliterated. Under these circumstances we believe there was no error in the offering of or the admission of the exhibit in evidence. The general rule is stated in 20 Am.Jur., Evidence § 741:

"Properly verified maps, plats, diagrams, casts, photographs, and X-ray pictures are not rendered inadmissible in evidence because of marks, memoranda, legends, or other extraneous matter thereon, where the individual who made the marks or writings, or another witness familiar with the facts, explains them or testifies as to their correctness. When objectionable marks or writing are excluded, expunged, or erased, the instrument becomes properly admissible."

See also Annotations: 108 A.L.R. 1417, 9 A.L.R.2d 1121.

C. Allied's final contention is that the damages are excessive. This contention is argued in propositions V, VII, VIII and IX. The principal argument is that the trial court stated to the parties at the close of the evidence that he would not submit the question of permanent damages to the jury, but that he did not make this clear in the instructions. Allied cites City of Ardmore v. Orr, 35 Okl. 305, 129 P. 867. This Court held in that case that it is error to allow the jury to consider future loss of rents and depreciation in the value of the real estate when the injury results from a cause which is susceptible of remedy or abatement. The case also holds that when a cause of injury is abatable, either by an expenditure of labor or money, it will not be held permanent.

In the instant case plaintiff did not attempt to prove future loss of profits or depreciation in the value of her real estate. She proved only the value of the past repairs and the cost of building a retaining wall at the boundary of her property and Allied's. Her evidence on the retaining wall was that it was to restore the property to substantially its former condition by abating the continuing injury her property received from the increased flow of water from Allied's property after the construction was completed. This was injury of a temporary nature and the cost of restoration or repairing is the proper measure of damages. In the second paragraph of the sylla-

bus of Ellison v. Walker, Okl., 281 P.2d 931, we held:

"The measure of damages to real property which are of a temporary character is the reasonable cost of repairing the damage or restoring the property to its former condition, where, as herein, the cost of restoration or repairing is shown to be less than the fair value of the property before and after the injury and the building can be restored to substantially the condition it was prior to the injury."

And see A. B. C. Construction Co. of Oklahoma v. Thomas, Okl., 347 P.2d 649; Keck v. Bruster, Okl., 368 P.2d 1003.

 In the instant case there was evidence that plaintiff's property had a value of $30,000 prior to Allied's acts. The cost of restoration was less than the value before injury. Also the judgment of the trial court was considerably lower than the lowest amounts shown by plaintiff's evidence as to the costs of the repairs and restoration. Thus no reversible error can be predicated on the instructions or the amount recovered. 12 O.S.1961 § 78; States Exploration Company v. Reynolds, Okl., 344 P.2d 275.

 D. Plaintiff in her answer brief asserts that the judgment should be affirmed and in the amount awarded by the jury. Plaintiff filed in this Court an instrument called a cross-petition in error which attempted to make this an issue on appeal. By such cross-petition in error plaintiff is apparently trying to appeal from the order requiring her to make a remittitur. However, plaintiff gave no notice of intention to appeal. She did not ask for and she was not granted additional time in which to perfect an appeal. Her cross-petition in error was filed five months and five days after the order or judgment was entered. In Burns v. Woodson, Okl., 363 P.2d 233, we held that a cross-appeal must be prosecuted like other appeals or it will be dismissed. Since the trial court's order or judgment requiring a remittitur was not properly

challenged, it must stand. Burns v. Woodson, supra.

Affirmed.

BLACKBIRD, C. J., and WELCH, DAVISON, JOHNSON, WILLIAMS, JACKSON and IRWIN, JJ., concur.