SNIDER v. PERKINS *et al.*

No. 1902.   Opinion Filed July 23, 1912.

(125 Pac. 448.)

**APPEAL AND ERROR—Review—Burden of Showing Error.**   In the Supreme Court error must be affirmatively shown; and where this is not done the judgment of the court below will be affirmed.

(Syllabus by the Court.)

*Error from Bryan County Court;*
*Chas. A. Phillips, Judge.*

Action by T. J. Perkins and another against F. M. Snider. Judgment for plaintiffs, and defendant brings error.   Affirmed.

*Cruce, Cruce & Bleakmore,* for plaintiff in error.

*C. C. Hatchett,* for defendants in error.

KANE, J.   This was an action for damages for the conversion of a box house situated on a certain tract of land in Bryan county, commenced by the defendants in error, plaintiffs below, against the plaintiff in error, defendant below, in the county court.   On trial there was a verdict for the plaintiffs, upon which judgment was duly entered, to reverse which this proceeding in error was commenced.

Counsel for plaintiff in error say in their brief:

"In the discussion of this case, we cannot see where any authorities can be cited to assist this court in any way in the solution of the controversy between the parties hereto.   The plaintiff in error is relying upon all the assignments of error filed herein.   At the same time the particular questions involved are: First, as to whether or not the county court of Bryan county had jurisdiction to try this case, and, if it did, whether or not the court erred in excluding from the jury certain testimony offered upon the part of the defendant below, and, if not, whether or not the court erred in taking from the jury, by its charge, what testimony there was introduced.   All of these questions must be decided by the court for itself.   We can think of no authorities that would assist this court."

The court can think of no authorities which support the contentions of counsel; and, as it is not apparent that any of them are well taken, we will indulge the presumption that the judgment of the court below is correct, and affirm the same. In the Supreme Court error must be affirmatively shown; and where this is not done the judgment of the court below will be affirmed. *Seaver v. Rulison,* 29 Okla. 128, 116 Pac. 802. It is so ordered.

TURNER, C. J., and HAYES, J., concur; WILLIAMS, J., disqualified, and DUNN, J., absent, and not participating.