BRITISH-AMERICAN OIL PRODUC-
ING CO. et al. v. McCLAIN et vir.

No. 29803. Feb. 24, 1942.

Rehearing Denied April 14, 1942.

Application for Leave to File Second
Petition for Rehearing Denied
June 16, 1942.

126 P. 2d 530.

Mayo E. McKeown, of Tulsa, Hayes,
Richardson & Shartel, Earl Pruet, Kea-
ton, Wells & Johnston, Roy Lytle, Ed-
ward Howell, and Harry D. Turner, all
of Oklahoma City, and Don Emery and
Rayburn L. Foster, both of Bartlesville,
for plaintiffs in error.

Rittenhouse, Webster, Hanson & Rit-
tenhouse, of Oklahoma City, for de-
fendants in error.

GIBSON, J. This action was insti-
tuted in the district court by Vera B
McClain and her husband as owners and
occupants of certain real property in
Oklahoma City against a number of oil
companies to recover damages arising
out of drilling operations on adjacent
lands. The petition sets out two causes
of action, the first for damages caused
by alleged annoyance and inconvenience
resulting from the drilling and opera-
tion of various wells, and, second,
physical damages to the real property
caused by such operations. Verdict and
judgment were for plaintiffs on both
causes, and defendants appeal.

Defendants charge error in the action
of the trial court in overruling their
demurrers for misjoinder of parties de-
fendant and causes of action.

This assignment deals wholly with
the question of the joint and several
liability of independent tortfeasors
whose concurrent wrongs contribute to
the particular injury.

It is neither charged nor proved that
the defendants were common owners
or operators of the wells. Nor is there
any intimation of design or purpose or
of concert of action on the part of de-
fendants in causing the alleged injuries.
Defendants say that in view of these
circumstances we should apply the rule
that the acts of independent tortfeasors,
each of which causes some damage, may
not be combined to create a joint lia-
bility at law for damages, but each is
liable only for the proportion of the
damage caused by him. This, they say,
is the general rule recognized by the
overwhelming weight of authority.
Many authorities are cited, including
those found in 9 A.L.R. 939; 35 A.L.R.
409; 24 L.R.A. (N. S.) 1185; 40 L.R.A.
(N. S.) 102.

Defendants recognize the established rule in this state that parties contributing to the pollution of a stream may be sued jointly though there was no common design, purpose, or concert of action among them sufficient to brand them as actual joint tortfeasors (Northup v. Eakes, 72 Okla. 66, 178 P. 266; Tidal Oil Co. v. Pease, 153 Okla. 137, 5 P. 2d 389; Indian Territory Illuminating Oil Co. v. Bell, 173 Okla. 46, 46 P. 2d 481; Oklahoma City v. Miller, 179 Okla. 363, 65 P. 2d 990). But they assert that this rule is contrary to the great weight of authority and has been specifically limited to pollution cases as is revealed by the express language of this court. Defendants base their assertion on the language of the court in Walters v. Prairie Oil & Gas Co., 85 Okla. 77, 204 P. 906. Previously the court had held in Northup v. Eakes, supra, as follows:

"Where, although concert is lacking, the separate and independent acts or negligence of several combine to produce directly a single injury, each is responsible for the entire result, even though his act or neglect alone might not have caused it."

And in referring to that holding the court in the Walters Case, above, said:

"But this ruling being a liberal exception in favor of riparian owners to the general rule that to make tortfeasors liable jointly there must be some sort of community in the wrongdoing, that is, that injury must be in some way due to their joint work, it ought not to be extended to the point of working injustice."

But we cannot see in that statement a purpose or intent to limit the rule in Northup v. Eakes, supra, to pollution cases. The court merely refused to extend it to the point of working injustice. There the landowner sued a group of separate leaseholders for pollution of a stream. Part of the damage was caused by plaintiff's tenant with the consent of the plaintiff or as a result of the ordinary use of the premises. The court held that the plaintiff could not recover from the group of leaseholders without producing evidence sufficient to enable the court to separate the damage caused by the group from that caused by the tenant. It would have been unjust to hold the leaseholders jointly and severally liable for the damage caused by plaintiff's tenant with plaintiff's consent or for the damage resulting from the ordinary use of the premises by such tenant.

A similar situation does not exist here. It does not appear that any of the defendants, or other parties, contributed to the injuries with plaintiff's consent or as a result of contractual right.

The rule that all parties whose wrongful acts unite in causing an injury, notwithstanding the absence of a concert of action, may be joined in one suit, has been so long established in this state, and so many times applied, that a departure therefrom is unwarranted. We see no reason why it may not apply in cases of this character as well as in pollution cases.

Defendants object to certain instructions regarding plaintiffs' right to recover for physical damage to the property.

The damage in this respect was allegedly caused by vibrations set up by drilling operations and transmitted through the earth to plaintiffs' premises.

The court instructed the jury to the effect that defendants had a legal right to carry on the drilling operations, but no one had a right to operate a business, though a lawful one, in such a manner as to do substantial, physical damage to another person's property; that if there had been vibrations as alleged, and they had affected plaintiffs' property in a substantial, physical manner, then defendants would be liable.

The objection goes wholly to that portion of the instruction which would permit recovery merely in event of substantial, physical injury to the property. Defendants say that in such case, where the property is being used in a lawful manner, the owner is not liable for damages resulting to another's property from that use unless he has been guilty

of carelessness or unwarranted conduct or was making unreasonable use of the property with respect to the lawful business being conducted.

Defendants' argument is based upon the rule at common law. The acts complained of are in the nature of a private nuisance. Under the common law a private nuisance arose from the unwarrantable, unreasonable, or unlawful use by a person of his own property to the injury of another. The nature of the use with regard to the particular locality or zone was the basic element for consideration in determining whether a private nuisance existed.

But our Constitution has modified the common law. Section 23, art. 2, Bill of Rights, provides that no private property shall be taken or damaged for private use, with or without compensation, unless by consent of the owner. In a case of this character the use need not be of a careless or negligent nature, or unreasonable or unwarrantable, to entitle the injured party to recover. If the use causes a substantial injury to the property of another, he may recover as for a private nuisance. Fairfax Oil Co. v. Bolinger, 186 Okla. 20, 97 P. 2d 574.

Our language as employed in the last-cited case with reference to a similar situation well applies here. There we said:

"In this and many other states the common-law rule does not obtain. Constitutional provisions have intervened to protect a property owner against losses in the nature of real and substantial injury to his property, resulting from the use of adjacent or nearby property by its owner. See E. I. Dupont, etc., Co. v. Dodson, supra; Kenyon v. Edmundson, Adm'r, 80 Okla. 3, 193 P. 739. Though the use be legal, if property of another is substantially damaged as a result thereof, the latter may recover as for a nuisance in fact. St. Louis-S. F. Ry. Co. v. Matthews, 174 Okla. 167, 49 P. 2d 752. While a particular use may not be a nuisance per se, it may grow into a nuisance per accidens (McPherson v. First Presbyterian Church, etc., 120 Okla. 40, 248 P. 561; and a legalized use of property becomes a nuisance per accidens if that use substantially damages the property of another. Such is the purpose and effect of section 23, art. 2, of the Constitution. An aggrieved owner may not abate a legalized use of another's property. But it does not necessarily follow that the former is not entitled to recover compensation for any damage which he may be able to establish as resulting from that use. E. I. Dupont, etc., Co. v. Dodson, supra."

We then stated the rule as follows:

"Where the facts show that a lawful business is being conducted in such manner as to constitute a private nuisance causing substantial injury to property, the aggrieved party may recover compensation for the injury sustained."

We find no error in the above instructions.

In support of their argument defendants cite Gulf Pipe Line Co. v. Sims, 168 Okla. 209, 32 P. 2d 902. In that case oil had escaped from defendant's pipe line and collected under a bridge, where it ignited, resulting in personal injuries to plaintiff. The action was based on negligence in allowing the oil to escape. This court disapproved an instruction permitting recovery merely because the oil had escaped and caused the injury, without regard to negligence. Defendants stress the language of the court to the effect that when a business is conducted in the recognized manner, with all diligence, employing standard equipment and materials, and without negligence, the one engaged in such business should not be held as an insurer that in no event would damage or injury result from the operation thereof. This language was intended as a specific departure from the early English rule that in the use of property the owner thereof acts at his peril with regard to damages resulting to others. The action was based entirely on negligence. The court merely held that the escape of the oil without negligence on the part of the owner would not warrant a recovery for personal injuries in an action based on negligence; in other words, that the mere escape of the oil

was not negligence per se. Nuisance was not involved. Neither was property damage.

Defendants also cite Patterson v. Roxana Petroleum Co., etc., 109 Okla. 89, 234 P. 713. That was an action for damages to plaintiff's property resulting from the operation of a refinery on adjacent premises. The damages pertained to the use and enjoyment of the property as adversely affected by noxious and poisonous odors, fumes, etc., emanating from the refinery. Verdict was for defendant under instructions very similar to those in the instant case. Plaintiff had requested the instructions and this court held that they were suitable to the case, and in any event plaintiff could not complain of his own requested instruction. The case is of no aid here.

Defendants contend further that plaintiffs in no event should recover damages for personal annoyance and inconvenience suffered in the use and occupancy and enjoyment of their premises as sought in the first cause of action. This question, they say, should not have been submitted to the jury.

This contention is based on the premise that no actionable damages could arise in this case had it not been for the intervention of section 23, art. 2, of the Constitution aforesaid, and that since that section applies only to property, the common-law rule relating to the recovery of damages resulting from the proper operation of a lawful business still obtains with regard to the damages resulting from inconvenience and annoyance suffered in the use and enjoyment of the premises.

But a substantial interference with the free use and enjoyment of premises constitutes not only damages to the property but amounts to a taking of the same. In 50 C. J. 745, § 2, it is said with reference to private property that "it necessarily includes everything that can be held or owned by private persons, and it is not limited to a tangible subject matter or corpus, but includes the right of user and enjoyment thereof." In Wells Fargo & Co. v. Mayor, etc., of Jersey City, 207 Fed. (D. C.) 871, it is said in substance that the word "property" includes the right to use and enjoy it, and that this meaning is presumed to have been intended by the use of the word in a Constitution.

And in the case In re Forsstrom, 44 Ariz. 472, 38 P. 2d 878, the court held as follows:

"Rights pertaining to ownership of realty are 'property' as much as right to use land to which rights appertain, and, when person is deprived of any of such rights, he is to that extent deprived of his property, although title and possession of land remain undisturbed."

This is a fair statement of the law, and we apply it here.

We therefore hold that an unreasonable interference with the owner's peaceful occupancy and enjoyment of his premises by the operation of a near-by business, though such operation may be lawful, constitutes a taking of or damage to the premises within the meaning of section 23, art. 2, of the Constitution.

The judgment is affirmed.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, BAYLESS, HURST, and DAVISON, JJ., concur. ARNOLD, J., disqualified and not participating.