SUMMERS v. ACME FLOUR MILLS CO.

No. 35304.

Supreme Court of Oklahoma.

July 14, 1953.

Rehearing Denied Sept. 15, 1953.

Application for Leave to File Second Petition for Rehearing Denied Dec. 8, 1953.

Frantz C. Conrad, Oklahoma City, for plaintiff in error.

George Miller, Jr., Oklahoma City, for defendant in error.

JOHNSON, Vice Chief Justice.

The parties occupy the same relative positions as in the trial court and will be referred to herein as they there appeared.

The substance of plaintiff's pleadings and brief reflects that this is an action for damages arising out of, and to enjoin, an alleged nuisance allegedly caused from the unwarranted illegal spreading of dust, water, lint and oil over plaintiff's property from defendant's flour mill.

Defendant denied liability both as to factual situation and law.

The cause was presented to a jury resulting in a verdict for defendant, from which plaintiff appeals.

Plaintiff's only complaint is that the court erred in giving instructions Nos. 7 and 9.

It is contended that instruction No. 7 is objectionable because it requires the plaintiff to prove by a preponderance of the evidence that the damage could have been reasonably foreseen by the defendant; that the last part of this instruction cast upon the plaintiff the burden of showing that the defendant knew that the debris coming from the mill was damaging the plaintiff, or that as a reasonable person he should have known that his acts were causing the damage, and that such is not the rule, since the action is not predicated upon the negligence, knowledge or reasonableness of the defendant.

■ It is contended that instruction No. 9 erroneously requires the jury to determine the question as to the reasonableness of the manner of operation of the mill and that if they should find that the milling operations had been conducted in a reasonable manner, then and in that event, plaintiff could not recover; that this instruction erroneously cast the burden of proving the unreasonableness of the manner of the defendant's operation of its mill.

In support of his contentions, plaintiff cites the case of British-American Oil Producing Co. v. McClain, 191 Okl. 40, 126 P. 2d 530, 531, and Constitution of Oklahoma, Section 23, Article 2.

In that case, it was held that an unreasonable interference with the owner's peaceful occupancy and enjoyment of his premises by the operation of a near-by business, though such operation may be lawful, constitutes a taking of or damage to the premises within the meaning of Section 23, Article 2 of the Oklahoma Constitution, and in paragraph 3 of the syllabus it was said:

"An unreasonable interference with the owner's peaceful occupancy and enjoyment of his premises by the operation of a near-by business, though such operation may be authorized by law, constitutes the taking of or damage to the premises within the meaning of section 23, article 2, of the Constitution, O.S.1941, and the aggrieved party may recover as for a private nuisance."

In view of our holding in the McClain case, supra, and the further instructions of the court, the contention of plaintiff is without merit. Instruction No. 6 instructed the jury that the mere fact that the plaintiff

may have suffered inconvenience or annoyance and loss or damage to the operation of his business by reason of dust, lint, water or oil permeating the air in and upon the plaintiff's place of business is not sufficient to entitle the plaintiff to recover anything from the defendant in this action; that the gist of plaintiff's cause of action is based upon his allegations that the defendant, in its milling operations, caused the atmosphere in and upon plaintiff's place of business to become so contaminated with dust, lint, water or oil, so as to unreasonably interfere with the peaceable and free use and enjoyment of the place of business of the plaintiff, thereby creating and maintaining a nuisance, and unless the jury found by a preponderance of the evidence that the defendant did create and maintain such a nuisance, causing the injury and damage, if any, sustained by the plaintiff, then it would be its duty to return a verdict for the defendant.

Instruction No. 8 told the jury that the mill was admittedly located in a proper zone for such heavy industry; that it had the right to operate the mill provided the manner and method used, together with all of the surrounding circumstances, would not constitute a nuisance, causing injury to the occupants of surrounding property; that a nuisance consists in unlawfully doing an act, or omitting to perform a duty, which act or omission either annoys, injures or endangers the comfort, repose, health or safety of others, or in any way renders other persons insecure in life or in the use of property. Instruction No. 10 charged the jury that the plaintiff in that case, in the operation of his service station had a right to use and occupy his premises and carry on his business without unreasonable interference or annoyance on the part of the defendant; that every person who owns and operates a business establishment, operates the same subject to such inconveniences and annoyances as may reasonably be expected to exist by reason of surrounding circumstances, but that no one may lawfully be subjected to an unreasonable interference with his right to the free use, occupancy and enjoyment of his premises in carrying on his business; that if it found by a pre-

ponderance of the evidence that the defendant, in the operation of its flour mill did cause the atmosphere in, on and around the plaintiff's place of business to be so contaminated with dust, steam, oil or lint so as to unreasonably and substantially interfere with the free use, operation and enjoyment of his premises by the plaintiff, thereby creating and maintaining a nuisance and it further found that as a direct and proximate result thereof, the plaintiff sustained a loss in his business and was required to expend extra money for labor or suffered personal inconvenience or annoyance, then it would be its duty to return a verdict in favor of the plaintiff and to fix his recovery in such sum as in its judgment would fairly and reasonably compensate him for such injury or damage as he may have sustained; that if it failed to so find, then it must return a verdict for the defendant. Plaintiff did not object to these instructions and we find no fundamental errors in them.

 Where the facts show that a lawful business is being conducted in such manner as to constitute a private nuisance causing susbstantial injury to comfort, health or property, the aggrieved party may recover compensation for the injury sustained. Fairfax Oil Co. v. Bolinger; 186 Okl. 20, 97 P.2d 574. But no showing was made by plaintiff in the instant case of substantial injury to comfort, health or property of plaintiff.

The instructions, when considered as a whole, fairly stated the law applicable to the issues involved.

 Where instructions, when considered as a whole, fairly and substantially state the law covering the issues involved, and no fundamental error appears in the record, a jury verdict in favor of defendant, when approved by the trial judge will not be set aside.

Judgment affirmed.

HALLEY, C. J., and WELCH, DAVISON, ARNOLD and BLACKBIRD, JJ., concur.

CORN, O'NEAL and WILLIAMS, JJ., dissent.

WILLIAMS, Justice (dissenting).

I am unable to agree with the majority opinion in this case.

In the court below, 14 numbered instructions were given to the jury; of these, some 6 or 7 were "stock instructions". I am convinced that 2 of the remaining 7 or 8 were fundamentally in error.

Plaintiff's cause of action is based upon the existence of a private nuisance. No question of negligence is involved. By instruction number 9, the jury were told in substance that before they could find for plaintiff, they must find that defendant's business was being conducted in an unreasonable manner. Plaintiff argued this question in his brief, and it is disposed of in part in the majority opinion by a quotation from British-American Oil Producing Co. v. Mc-Clain, 191 Okl. 40, 126 P.2d 530 to the effect that

"*An unreasonable interference* with the owner's peaceful occuupancy * * * constitutes the taking of or damage to the premises * * * and the aggrieved party may recover * * *." (Emphasis supplied.)

I believe that the majority opinion does not properly distinguish between an "unreasonable interference" and operating a business in an "unreasonable manner". A careful reading of the British-American case, supra, and cases cited therein, convinces me that in a case such as this, where the cause of action concerns a private nuisance and not negligence, the question of the reasonableness or unreasonableness of defendant's methods is absolutely beside the point.

By instruction number 7, the jury were told in substance that for an act or omission to be deemed the proximate cause of the injury, the injury must have been such as could have been reasonably foreseen by a prudent person exercising due care. This is admittedly the law in negligence cases, but in my opinion it is inapplicable here. The measure of proof required in cases involving a private nuisance is aptly stated as follows in the British-American case, supra:

"Where the facts show that a lawful business is being conducted in such manner as to constitute a private nuisance causing substantial injury to property, the aggrieved party may recover compensation for the injury sustained."

As is evident, the question of whether defendant should reasonably have anticipated the injury to plaintiff is not involved; neither is the question of whether defendant's business methods were reasonable.

I believe that plaintiff herein was unduly burdened with two requirements not contemplated by the applicable law, and I am unable to agree with the majority opinion that other instructions corrected the errors in question.

I therefore respectfully dissent.