Kenneth ELLISON et al., Plaintiffs in
Error,

v.

Hugh WALKER et ux., Defendants in
Error.

No. 36105.

Supreme Court of Oklahoma.

March 29, 1955.

Robinson, Shipp, Robertson & Barnes, Oklahoma City, for plaintiffs in error.

Renegar & Renegar, Oklahoma City, for defendants in error.

JOHNSON, Chief Justice.

The parties will be referred to herein as they appeared in the trial court.

Hugh Walker as plaintiff brought an action in the District Court of Oklahoma County against defendant, Kenneth Ellison, to recover $3,000 damage to his dwelling house allegedly caused by the vibrations of defendant's drilling and operation of an oil and gas well in the immediate vicinity of his property. It was alleged that the vibration caused the house foundation to sink and the plaster to crack; that the floors are no longer level and the doors and window sashes have become loose and rickety by reason of the continuous vibration. The defendant answered by general denial. The cause was tried to a jury which rendered a verdict for plaintiff for $1,500 and the trial court rendered judgment accordingly. From the order overruling a motion for a new trial, the defendant appeals.

The substance of the defendant's contentions and argument for reversal are that the verdict and judgment is not sustained by the evidence; that the defendant was materially prejudiced by the trial court's admission of incompetent evidence over his objections, concerning costs of repairing the alleged damages to the house, and that the jury was charged by improper and erroneous instructions.

The crux of this appeal then is: First, has plaintiff proved that vibrations from defendants' well caused damages to their home and, if so, to what extent? Second, is the proper measure of damages the cost of repairing the house and restoring it to its original condition? Third, were the court's instructions erroneous and prejudicial to the defendant?

Plaintiffs' witnesses testified in effect that vibrations resulting from the drilling, operating and maintenance of defendants' oil well have been transmitted through the ground to their house and that such vibrations were transmitted with such force as to cause substantial damage to their house or residential property. While defendants' evidence on this issue was, in substance, that there were some vibrations from the drilling and operation of the well, but that such vibrations were not sufficient to result in substantial damages to plaintiff's property. Unquestionably there were vibrations; therefore, it was for the jury to determine from the evidence whether such vibrations were transmitted with such force as to do substantial damage to plaintiffs' property, and the jury having so concluded we are thereby bound. See British-American Oil Producing Co. v. McClain, 191 Okl. 40, 126 P.2d 530, and cases cited therein.

The defendants' further argument that plaintiffs failed to prove the cost of repairing their house is without merit. The total estimate of damages as established by plaintiffs' expert witness far exceeds the amount of damages ($1,500) awarded by the jury and approved by the trial court. Where there is any evidence reasonably tending to sustain a jury's verdict and judgment based thereon, such judgment will not be reversed on appeal. We hold the evidence ample to sustain the verdict and judgment.

Defendant asserts that the plaintiffs failed to prove the value of the house before the well was commenced, arguing that this was necessary in order that the difference in market value before the

injury and afterward can be decided to determine the amount of damages caused by the vibrations. This argument is untenable. The rule that the measure of damages recoverable is the difference between the fair market value of plaintiffs' whole property immediately before defendants commenced drilling the oil well and the present market value of the property is not the applicable rule herein and the requested instruction to that effect was properly refused. See Silva v. City Council of City of McAlester, 46 Okl. 150, 148 P. 150, and also Oden v. Russell, 207 Okl. 570, 251 P.2d 184, which is to the same effect. From the above authorities we conclude that in this jurisdiction the measure of damages to real property which are of a temporary character is the reasonable cost of repairing the damage or restoring the property to its former condition, where, as herein, the cost of restoration is less than the fair value of the property before and after the injury and the building can be restored to substantially the condition it was prior to the injury. For a statement of this rule see 15 Am.Jur., Damages, Sec. 110, and 25 C.J.S., Damages, § 84.

Defendants' general and untimely objections to the trial court's instructions to the jury are not well taken. An examination of the instructions as a whole show that the issues of the case were fairly presented to the jury, and a general exception to the charge or portions thereof is of no avail unless the same is entirely erroneous. Remund v. McCool, 50 Okl. 69, 150 P. 1055. The record further discloses that the defendants made their exceptions to the instructions after the jury had been charged, counsel had made their arguments and the jury had retired to deliberate. In St. Louis & S. F. Ry. Co. v. Fling, 36 Okl. 25, 127 P. 473, we said:

"After the instructions have been read to the jury, the arguments of counsel made, and the cause finally submitted to the jury for decision, objections and exceptions to the charge of the court come too late."

From a careful examination of the entire record, we conclude that the verdict and judgment based thereon should be, and it is affirmed.

Other questions are raised, which we deem unnecessary to discuss in view of our holdings herein.

WILLIAMS, V. C. J., and CORN, DAVISON, HALLEY, BLACKBIRD and JACKSON, JJ., concur.