The CITY OF SHAWNEE, Oklahoma, a
Municipal Corporation, Plaintiff
in Error,

v.

Robert BRYANT and Mamie Bryant,
Defendants in Error.

No. 37054.

Supreme Court of Oklahoma.

Feb. 5, 1957.

Rehearing Denied May 7, 1957.

Randall Pitman, Shawnee, for plaintiff in error.

Finis O. Stewart, Oklahoma City, Shelton Skinner, Shawnee, for defendants in error.

PER CURIAM.

On and prior to April 1, 1953, Robert Bryant and Mamie Bryant, the defendants in error owned a certain tract of land in Pottawatomie County, adjacent to the city of Shawnee, consisting of 107.5 acres, on which they resided, conducted farming operations, and operated a small drive-in dairy.

On or about April 1, 1953, the City of Shawnee, a municipal corporation, plaintiff in error, completed the construction of a sewage disposal plant on land adjacent to the Bryant land and approximately 365 feet west and south of the Bryants' dwelling house. The construction of this plant was in accord with plans approved by the State Health Department. No part of the Bryant land was occupied in the construction of the plant except an existing ditch, a portion of which crossed part of the southwest corner of the Bryant land, was cleaned out by defendant for outfall purposes to permit the treated sewage to flow into the North Canadian River.

On September 11, 1953, Robert and Mamie Bryant commenced this action in the District Court of Pottawatomie County against the City of Shawnee, a municipal corporation, by petition in the nature of reverse condemnation proceedings. The petition, in substance alleged plaintiff's ownership of the land here involved, the location and construction of the sewage disposal plant, its date of completion, the appropriation of approximately one acre of plaintiff's land and destruction of certain fences without benefit of either condemnation proceedings or agreement and payment, and permanent damages to plaintiff's land coupled together with defendant locating, constructing and operating its said plant and outfall ditch in such close proximity to plaintiffs' home. The petition also alleged additional damages to plaintiffs' land by reason of sickening, unhealthful, foul and evil smelling odors and gases emanating from defendants' said sewage disposal plant and outfall ditch.

The prayer was for the appointment of commissioners to view the premises and assess the damages.

Notice was served upon the defendant as provided in condemnation proceedings and after hearing had Commissioners were appointed. They filed their report assessing the damages to plaintiffs' property at $5,000.

Both plaintiffs and defendant made demand for jury trial. Defendant then filed exceptions to the report of commissioners, in which it objected to the jurisdiction of the court, denied the cutting of any drainage ditch across plaintiffs' land, denied that it at any time appropriated or took a part of plaintiffs' land for sewage disposal plant purpose, moved to vacate the order appointing commissioners, moved to vacate, set aside and hold for naught the report, raised in every manner the question of jurisdiction and power of the court in the matter, and complained of the right of plaintiffs to maintain the action.

A hearing was had upon defendant's exceptions, whereupon the court sustained the exceptions vacated and set aside the report of commissioners, vacated the order appointing commissioners, and permitted plaintiffs to file an amended petition.

On December 28, 1953, plaintiffs filed their amended petition alleging, in substance, the allegations of their original petition, also charging defendant with negligence in locating and constructing its said plant in such close proximity to plaintiffs' land as to cause a diminution in value of plaintiffs' property, and in negligently locating, constructing and operating its said plant, thereby causing noxious, sickening, unhealthful, foul, evil smelling odors and gases to escape, permeate their home and hang in the low places on their land, thus making it unbearable and impossible for plaintiffs to live in their home, by reason whereof their property was greatly diminished in value. The amended petition also alleged that plaintiffs' property just prior to the construction of said plant had a fair

cash market value of $50,000; that since its construction, the fair cash market value of their land was not in excess of $22,500, and as a result thereof they had been damaged by defendant in the sum of $27,500.

Plaintiffs further alleged demand of defendant of payment for the injury and defendant's refusal to pay such demand. Based upon the amended petition, summons was duly and regularly issued and service had upon the defendant. Thereafter the defendant filed objection to the court's jurisdiction, plea of res judicata and demurrer to the amended petition, all of which were overruled.

Defendant's answer to the amended petition is in substance a general denial and challenges the trial court's jurisdiction, claiming that plaintiffs' amended petition in substance seeks relief in reverse condemnation and cannot be maintained as a common law action in damages, in effect, pleads res judicata; specifically denies that plaintiffs were damaged, or that said land was affected in any manner by defendant's location, construction and operation of its sewage disposal plant; specifically denies that defendant was in any manner negligent in the construction or operation of said plant, and alleges that if any condition, as alleged by plaintiffs, ever occurred same was only temporary and did not now exist. Reply was by general denial. The case was tried to a jury, resulting in a verdict and judgment for plaintiffs in the sum of $10,000.

■ Motion for new trial was duly filed and overruled from which defendant appeals, presenting seventeen assignments of error in its petition in error, but in its brief has elected to argue same under four main propositions. The assignments of error not covered by these propositions are waived. Harrington v. City of Tulsa, 170 Okl. 20, 39 P.2d 120; Schuman v. Sternberg, 179 Okl. 118, 65 P.2d 413.

■ Defendant first contends that the trial court erred in refusing to dismiss the plaintiffs' condemnation cause of action, after having sustained defendant's exceptions to the report of commissioners. There might be some merit to this contention if the error complained of intervened to defendant's prejudice in the trial of the cause. However, defendant neither suggests or points out, how nor in what manner it has been prejudiced thereby. The prevailing rule in this jurisdiction places the burden upon the appellant or plaintiff in error to show affirmatively that error intervened to his prejudice in trial of the cause. See Snider v. Perkins, 33 Okl. 338, 125 P. 448, and cases of like import.

■ Defendant next contends that the court erred in overruling its objection to jurisdiction, plea of res judicata, and demurrer to plaintiffs' amended petition, and in overruling its objection to the introduction of any evidence on the part of plaintiffs, at the beginning of the trial.

Defendant's argument is bottomed on the premise that the amended petition alleges only such facts as constitute a proceeding in reverse condemnation and does not allege facts sufficient in law to constitute a common law action in damages for the maintenance of a nuisance. Defendant bases its argument upon allegations appearing in the petition which allege the taking of part of plaintiffs' property, and, in effect, contends that where land is taken or damaged for a public use that the special proceeding under the eminent domain statutes of the State is the sole remedy of plaintiffs. In support of this contention defendant cites Chicago, R. I. & P. Ry. Co., v. Jennings, 175 Okl. 524, 53 P.2d 691, and Oklahoma City v. Wells, 185 Okl. 369, 91 P.2d 1077, 1081, 123 A.L.R. 662. In our opinion, neither of the cited cases sustain defendant's contention.

Oklahoma City v. Wells, supra, involved land that was actually taken for public use. The action was instituted as a proceeding in condemnation. The City pleaded as a defense the Statute of Limitations and the only material matter for the court's decision was whether the action was barred by the lapse of time.

In that case this court, in discussing the distinction between cases involving the tak-

ing of property and those cases involving only damage to property, stated:

"* * * From the above constitutional and statutory provision it is clear that the legislative intent is that the remedy afforded by condemnation proceedings shall be exclusive where any part of an owner's land has been taken and occupied for public use without having been purchased or condemned. But when the statutory remedy however broad it may be cannot be initiated by the owner of the land, and the condemnor alone can put it into operation and fails to do so, the statutory remedy is not exclusive and the owner may resort to his action at common law. 10 R.C.L. 190, 223."

Here we are constrained to point out that the defendant City, in taking exceptions to the report of commissioners appointed under the original petition herein, contended that it had not actually taken and occupied any of plaintiffs' land. Upon that basis the trial court sustained its exceptions, and permitted plaintiffs to file an amended petition.

While it is true plaintiffs realleged the taking of a portion of their land, yet the balance of the amended petition set forth allegations necessary to support a common-law action for consequential damages. Thereafter summons was regularly issued and served upon the defendant as in a common law action.

The issues were joined on the question of whether or not plaintiffs' property had been damaged as a consequence of the location, construction and operation of defendant's sewage disposal plant. The cause was tried and submitted to the jury on the sole question of whether or not plaintiffs had been damaged, and if so, to what extent.

In Chicago, R. I. & P. Ry. Co. v. Jennings, supra, this court considered a similar situation. The railway company had constructed an underpass on Walker Avenue in Oklahoma City, and adjacent to plaintiffs' lots, without condemning any of their land, although the structure caused a decrease in the value of the lots. Plaintiffs commenced an action in the nature of condemnation proceedings. Commissioners were appointed. They filed their report assessing damages. The defendant objected to the jurisdiction of the court, moved to vacate and set aside the report of commissioners, moved to vacate the order appointing commissioners, and complained of the right of the plaintiffs to maintain the action, all of which was overruled. The case was tried, evidence presented, and the cause submitted to the jury as a common law action for damages.

This court, in that case, recognized that error had been committed, but in upholding plaintiffs' right to recover damages, in the body of the opinion in 53 P.2d at page 694, said:

"To reverse the judgment in this case merely because the judge appointed commissioners and the commissioners acted, all without specific legislative authorization, would not necessarily end the litigation. Plaintiffs would have the right to commence a new action within one year, if not the right to reform the pleadings in this case and proceed in a new trial. In such case the issues would be substantially the same. The same rules of evidence would be applicable and the measure of damages would be the same. It would be merely to retry the same issues under the same rules as were applied in the trial in this case. No useful purpose would be served."

Nor are we able to find merit in defendant's contention relating to its plea of res judicata. The hearing had upon its exceptions to the report of commissioners was merely to determine whether or not defendant had taken any of plaintiffs' property and in no wise related to the issue of consequential damages to plaintiffs' said property by reason of defendant's location, construction, operation and maintenance of its sewage disposal plant.

Defendant next contends the court committed error in admitting evidence on behalf

of the plaintiffs, over the objection of defendant, in regard to odors and foul smells entering the home of defendants in error and affecting their health and causing nausea, sickness, etc.

The import of defendant's argument is, since plaintiffs were not asking damages for personal inconvenience in the use of their property, any evidence relating to odors and foul smells in such amount as to cause sickness or unhealthful conditions to exist was clearly inadmissible for the purpose of proving a diminution in value of plaintiffs' property. In the case of Oklahoma City v. Eylar, 177 Okl. 616, 61 P.2d 649, in the third paragraph of the syllabus, it is held:

"The personal inconvenience, annoyance, and discomfort to the occupant of real estate caused by the maintenance by another of a temporary nuisance in the immediate vicinity of said real estate is a separate and distinct element of damage from that of the depreciation of the usable or rental value of the real estate occupied; the measure of such damages being reasonable compensation for the injury."

While the rule here quoted seems to be firmly established in this jurisdiction, an analysis of the cases disclose, that in such cases plaintiff was seeking damages, either for inconvenience, discomfort, and annoyance caused by the maintenance of a nuisance, or was relying solely upon such evidence to prove his damages for a diminution in value of his said property.

 A rule of long standing in this jurisdiction permits damages resulting from depreciation in value of land and for physical discomfort resulting from a nuisance to be recovered in the same action. See Oklahoma City v. Tytenicz, 171 Okl. 519, 43 P.2d 747, 749, where we find the following language of this court:

"Under the evidence there can be no question as to the plaintiff's right to recover in this action both for injury to person and injury to property, but the case must be reversed for a new trial, in order that evidence might be received as to the depreciation in the usable value of this property by virtue of the nuisance created by the defendant. Of course, the question of whether or not the condition created by the defendant constitutes a nuisance is one for the jury."

 In the instant case the action is based upon the right of the plaintiffs to recover damages to their property caused by defendant's locating, construction, maintenance and operation of its plant in such manner as to cause foul and noxious odors to permeate their home and property, causing a diminution in value of their said property. They were not seeking redress for physical inconvenience. The evidence complained of by defendant was admitted for the sole purpose to show what effect the odors had upon the occupants of the premises, and how it applied to affect the value of the property, and the court so instructed the jury.

The plaintiffs were the owners of a farm upon which was located their residence, and upon which they operated a dairy, and the value of their ownership depends upon the use and enjoyment of it as their residence and the operation of their business. Anything that materially and substantially lessens or destroys that use and enjoyment impairs the value of the property, and thus damages the plaintiffs. Such acts create a nuisance, and the party who so maintains them to the injury of another's property is responsible in damages.

If, in this case, there had been no other testimony except that complained of we would be constrained to agree with defendant. However, there was abundant testimony, in addition to that complained of, which indicated the character of the property, the use to which it was adapted, its market value, both before and after the location and construction of defendant's plant, from which the jury had a pecuniary guide to fix the amount of damages, if any, plaintiffs may have sustained.

Under the facts and state of pleadings in this case we are of the opinion that testimony relating to sickness of plaintiffs, the seriousness of it, the generality with which it affected the family and other visitors to the premises, is evidentiary of damage to the real estate, and was properly admitted.

 Defendant's final contention is without merit. Its argument thereon is based upon evidence directly in conflict as to whether or not the nuisance complained of was temporary or permanent. No citation of authority is necessary to support the rule that:

"The credibility of a witness and the effect and weight to be given to inconsistent or contradictory oral testimony are questions of fact to be determined by the triers of fact, whether court or jury, and not of law for the court. Where the case is tried before the jury, it is peculiarly within their province to weigh the testimony of the witnesses, as well as all the facts and circumstances tending to corroborate or discredit them, and determine the case according to the preponderance of the evidence."

Nor can we agree with the defendant that the court erred in refusing defendant's requested instructions No. 4 and No. 8. Requested Instruction No. 4 related to matter which was neither in the pleadings nor upon which evidence was submitted. Requested Instruction No. 8 related to temporary nuisance, as opposed to permanent nuisance, and we are of the opinion that such issue was properly covered by the court's Instruction No. 7, as follows:

"You are instructed that the plaintiffs in this case have brought their law suit based on allegations of permanent damages to the property. In this connection, the jury are instructed that if you find from a preponderance of the evidence that the sewer disposal plant was a nuisance and was a temporary nuisance that either has been or could be abated or corrected by the expenditure of money and labor and that damages,

if any, suffered by the plaintiffs were or are only temporary, then in that event the plaintiffs could not recover for such damage, if any, in this particular law suit, and your verdict in such event should be for the defendant."

The judgment of the trial court is affirmed.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner Jean R. Reed, and approved by Commissioners J. W. Crawford and James H. Nease, the cause was assigned to a Justice of this Court for examination and report to the court. Thereafter upon report and consideration in conference, the foregoing opinion was adopted by the Court.