Thomas Eddie BEDWELL,
Plaintiff in Error,

v.

T. H. WILLIAMS, Jr.,
Defendant in Error.

No. 37906.

Supreme Court of Oklahoma.

Sept. 23, 1958.

Frank Seay, Seminole, for plaintiff in error.

Foliart, Hunt & Shepherd, Oklahoma City, Homer Bishop, Seminole, for defendant in error.

PER CURIAM.

The plaintiff in error, as plaintiff, brought this action to recover his damages arising out of an automobile collision with defendant in error. From an adverse judgment rendered on an unanimous jury verdict, plaintiff has perfected his appeal on the original record. We shall, for convenience, continue to refer to the parties by their trial court designation.

Shortly after midnight on July 31, 1955, the collision out of which this action arose

occurred on highway 270 just south of Wewoka, Oklahoma. The automobiles being driven by these parties were proceeding toward Wewoka, the plaintiff's car to the rear of the defendant's. The exact manner in which the collision occurred was the subject of dispute at the trial, but we need not relate the respective contentions in order to discuss the issue presented. Plaintiff does not argue that the evidence was insufficient to support the verdict or that the court's instructions to the jury contained error. The only point urged in plaintiff's brief is the trial court's action in excluding certain testimony offered by him.

In his direct examination plaintiff testified, over defendant's objection, that he had been convicted of a felony while a minor, the nature of which he explained briefly, and that he had been given a suspended sentence. He also testified that his suspended sentence had been revoked in February just prior to this trial in April. Plaintiff then offered to testify concerning a conversation with defendant, who was an Assistant County Attorney in a county other than that in which the criminal conviction existed, to which the trial court sustained defendant's objection. Plaintiff thereupon made an offer of proof to the effect that defendant "told him that if he would dismiss the lawsuit and make a statement against the plaintiff's attorneys * * * that he would see that his record was cleared, and that the plea of guilty to the charge made in Hughes County would be set aside; that if he refused to dismiss the lawsuit, and make such statement that he would see that his suspended sentence was revoked and that he was sent to the penitentiary." This offer of proof was denied. During the course of his testimony, the defendant testified concerning a conversation he had with plaintiff, but when plaintiff thereafter requested permission to state "the entire conversation" that occurred between the parties the court ordered that all testimony relating to any conversations between the parties be stricken from the record, and instructed the jury to disregard that testimony. The court also refused plaintiff's request to relate more of their conversation. The court's rulings excluding the testimony offered by plaintiff are urged as error.

■ ■ We are not persuaded that the exclusion of this testimony is reversible error in this case. Plaintiff and defendant were not the only eye witnesses to this collision who were present and testified at the trial, and plaintiff makes no effort, in his brief, to show that the testimony of these other witnesses was not sufficient, when coupled with the physical evidence and other circumstances, to sustain the jury verdict. Furthermore, the trial court did permit plaintiff to testify that defendant had done "his dead level best" to get plaintiff to dismiss the lawsuit. This testimony also, even without being specific, tends to reflect defendant's consciousness of the lack of merit of his cause. Thus plaintiff has not established that the exclusion of this testimony "has probably resulted in the miscarriage of justice," or that the jury would have reached a different conclusion if the evidence rejected had been admitted and considered. McCarty v. Occidental Life Ins. Co. of Cal., Okl., 268 P.2d 221; Little v. Echols, Okl., 269 P.2d 984. The burden is upon plaintiff to establish the prejudicial nature of any error in the exclusion of evidence. City of Shawnee v. Bryant, Okl., 310 P.2d 754; 12 O.S.1951, Sec. 78; 22 O.S.1951 Sec. 1068.

Judgment affirmed.

The Court acknowledges the aid of the Supreme Court Commission in the preparation of this opinion. After a tentative opinion was written by the Commission, the cause was assigned to a Justice of this Court, and thereafter, upon report and consideration in Conference, the foregoing opinion was adopted by the Court.