**Velma L. DAVIS and William L. Davis, Plaintiffs,**

v.

**SHELL OIL COMPANY and Shell Western E & P, Inc., Defendants.**

**No. CIV–91–1373–C.**

United States District Court, W.D. Oklahoma.

April 21, 1992.

Robert N. Barnes, Randall J. Wood, Patranell Britten of Stack & Barnes, Oklahoma City, Okl., for plaintiffs.

William B. Rogers of William B. Rogers & Associates, Okla. City, Okl., Kathleen A. Phillips, Houston, Tex., for defendants.

## MEMORANDUM OPINION AND ORDER

CAUTHRON, District Judge.

At issue is defendants' February 18, 1992, motion seeking full or partial summary judgment. For the reasons explained below, the motion is denied.

### I.

Facts presented to the court with a motion for summary judgment must be construed in a light most favorable to the nonmoving party. *Board of Educ. v. Pico*, 457 U.S. 853, 864, 102 S.Ct. 2799, 2806, 73 L.Ed.2d 435 (1982); *United States v. Diebold, Inc.*, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). If there can be but one reasonable conclusion as to the material facts, summary judgment is appropriate. Only genuine disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The movant must show entitlement to judgment as a matter of law. *Ellis v. El Paso*

*Natural Gas Co.,* 754 F.2d 884, 885 (10th Cir.1985); Fed.R.Civ.P. 56(c).

The Supreme Court articulated the standard to be used in summary judgment cases, emphasizing the "requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 248, 106 S.Ct. at 2510 (emphasis in original). A dispute is "genuine" "if a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248, 106 S.Ct. at 2510. The question is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so 'one-sided that one party must prevail as a matter of law." *Id.* at 251–52, 106 S.Ct. at 2511–12.

With this framework in mind, this Court concludes that in the instant case, genuine issues of material fact exist which preclude the entry of summary judgment.

### II.

Plaintiffs own several acres of land in Harper County, Oklahoma. An oil lease dated February 15, 1955, was executed by plaintiffs' predecessors in title, in favor of defendant Shell Oil Company, and assigned by Shell Oil to Shell Western E & P, Inc. The lease is held in effect by continued production. Plaintiffs reside in Ponca City, Oklahoma, approximately 175 miles from the Harper County real estate. Except for the oil lease operations, the Harper County property is used only for cattle grazing, and has never been used as a residence by its owners.

Plaintiffs allege that defendants' operations have polluted and continue to pollute and contaminate the surface, subsurface, surface water, and ground water. Their complaint alleges five counts, principally for nuisance: (1) a continuing nuisance, public and private, entitling them to temporary damages; (2) a continuing nuisance, public and private, entitling them to an order of abatement; (3) a continuing nuisance, public and private, entitling them to permanent damages; (4) trespassing; and

(5) a continuing nuisance, public and private, entitling them to damages for unjust enrichment.[*] Additionally, defendants argue that in the event plaintiffs are entitled to damages, they must be limited to the fair market value of the land.

### III.

*Defendants' Attack on Plaintiffs' Nuisance Counts*

Defendants begin their attack of the four nuisance counts by arguing that because plaintiffs do not reside on the Harper County property, they have suffered no injury, and cannot recover nuisance damages. In addition, defendants argue that because the use and enjoyment of the land by the tenant rancher has remained unchanged, there has been no interference with the use or enjoyment of the property, and therefore no private nuisance has occurred. The last defense argument regarding the private nuisance counts is that plaintiffs cannot recover for emotional damages absent an accompanying physical injury.

As to the public nuisance counts, defendants argue that such an action may be maintained by a private person only when that person has suffered specific injuries.

The Court finds these arguments without merit. As plaintiffs point out in their response, the two cases cited by defendants in support of the argument that only the occupant of land may recover for private nuisance injuries are not actually on point. Neither case dealt with the issue of an absentee landowner. In *Oklahoma City v. Eylar,* 177 Okl. 616, 61 P.2d 649 (1936), the court's syllabus stated that

> [t]he personal inconvenience, annoyance, and discomfort to the occupant of real estate caused by the maintenance by another of a temporary nuisance in the immediate vicinity of said real estate is a separate and distinct element of damage from that of the depreciation of the usable or rental value of the real estate occupied; the measure of such damages

---

[*] Defendants' motion for summary judgment specifically attacks the nuisance counts, but does not specifically address the trespass count.

being reasonable compensation for the injury."

Defendants urge that the quoted provision means that a plaintiff suing for nuisance must actually occupy the subject property. This Court declines to adopt such a construction, noting that nowhere else in *Eylar* is the term "occupant" defined, discussed, or is it even an issue in the decision. Because the term "occupant" is not defined, the ambiguity in its meaning demonstrated by the instant issue precludes *Eylar* from being the authority urged by defendants.

The same analysis applies to *British–American Oil Producing Co. v. McClain*, 191 Okl. 40, 126 P.2d 530 (1942). The *McClain* court did not address or discuss the issue of an absentee owner bringing an action for negligence. This Court declines to construe *McClain* as requiring actual occupancy on the land that is the subject of the nuisance complaint.

■ As to defendant's argument that plaintiffs have not been injured because the land continues to be used for grazing, the Court first notes that defendants cited no authority for the argument. Plaintiffs' response extensively details numerous allegations of damage to the land, but likewise does not cite authority. At the summary judgment stage the burden is on defendants to show entitlement to judgment as a matter of law. Because plaintiffs allege specific injury to the land, and defendants do not demonstrate a legal bar to the recovery for such injuries, summary judgment is inappropriate. Furthermore, the Court believes that injury to land such as that alleged here, despite the land's continued use as grazing pasture, is sufficient to maintain an action for nuisance.

■ Defendants also urge that plaintiff Velma Davis cannot recover in nuisance for her purely emotional injuries without having suffered actual physical injuries. They cite two personal injury cases in support of this argument: *Thompson v. Minnis*, 201 Okl. 154, 202 P.2d 981 (Okla.1949), and *Cushing Coca–Cola Bottling Co. v. Francis*, 206 Okl. 553, 245 P.2d 84 (1952). As plaintiffs point out, both involve personal injury torts, and are distinguishable from nuisance. In *City of Shawnee v. Bryant*, 310 P.2d 754, 759 (Okla.1957), it was held that a property owner suing in nuisance may also recover damages for inconvenience and annoyance associated with the nuisance. This Court finds *Bryant* more on point than *Thompson* or *Francis* and accordingly holds that summary judgment regarding plaintiff Velma Davis's claims for annoyance and inconvenience damages should be denied.

■ As to the attack on the public nuisance claims, there is clearly an issue of fact as to whether plaintiffs have suffered specific injuries. As noted above, the complaint details numerous alleged injuries to plaintiffs' land, along with annoyance and inconvenience claims, all of which this Court considers allegations of specific injury. Defendants' argument that under Oklahoma law, persons bringing a public nuisance action must have themselves suffered an injury appears to be correct; indeed, plaintiffs do not dispute this point. *See* 50 Okla.Stat. § 10. In this case, plaintiffs have alleged specific injuries, and satisfy the statutory requirement. Additionally, the pollution of water within Oklahoma is by statute a public nuisance. *See* 82 Okla.Stat. § 926.4. Considering these allegations and authorities, summary judgment is not appropriate on the public nuisance claims.

IV.

*Statute of Limitations*

■ Defendants also attack plaintiffs' claims by arguing that the claims are precluded by 12 Okla.Stat. § 95(3). This section provides a two-year limitations period for permanent nuisances. Defendants assert that the summary judgment evidence shows the alleged nuisance is permanent, because it is not abatable, and is therefore subject to the two-year limitations period.

The crux of this argument is that under Oklahoma law, a nuisance is abatable, and ergo continuing, if it is *reasonably* possible to correct the situation. Otherwise, the nuisance is considered permanent. *See*

*Briscoe v. Harper Oil Co.*, 702 P.2d 33, 36 (Okla.1985). Because plaintiffs seek ten times the land's value as abatement costs, defendants argue such damages are unreasonable, and therefore the nuisance is permanent and subject to the two year limitations period.

The Court need not review at this stage whether the amount of damages sought causes the alleged nuisance to be permanent. Plaintiffs' spirited argument to the contrary certainly shows there are competing viewpoints on the issue. But resolution of the statute of limitations defense here lies on when plaintiffs knew or should have known of the alleged nuisance. Suit was filed August 27, 1991. Defendants assert that plaintiffs knew of the nuisance more than two years prior to that date. In opposition, plaintiffs assert that they were first informed of a possible pollution of their water well in September, 1989, and confirmed salt contamination in October, 1989. These allegations alone preclude summary judgment on limitations grounds.

Additionally, plaintiffs argue that in Oklahoma, a public nuisance is not subject to a limitations period. *See* 50 Okla.Stat. § 7 ("No lapse of time can legalize a public nuisance ..."). The Court agrees that this authority is controlling, and therefore that summary judgment on limitations grounds is inappropriate.

## V.

### *Limited Damages*

■ Defendants' final argument is that in the event plaintiffs are entitled to recover damages, they cannot exceed the market value of the damaged land. Relying in part on *Peevyhouse v. Garland Coal & Mining Co.*, 382 P.2d 109 (Okla.1962), defendants argue that the measure of damages in a case where the cost of cleanup is disproportionate to the end to be attained should be the land's diminution in value, not the cost of the cleanup. As plaintiffs point out, courts in Oklahoma do not follow *Peevyhouse*, an observation the Tenth Circuit specifically made in *Rock Island Improvement Co. v. Helmerich & Payne,*

*Inc.*, 698 F.2d 1075 (10th Cir.1983). This Court likewise will not follow *Peevyhouse.*

Another decision cited by defendants in support of their damage limitations argument is *Thompson v. Andover*, 691 P.2d 77, 83 (Okla.Ct.App.1984), where it was held that the cost of restoring land could not exceed the value of the land's depreciation. As plaintiffs point out, this statement was in dicta, was not an issue in the case, and supported only by citation to *Peevyhouse*. It is unpersuasive authority.

Defendants also cite to *Allied Hotels v. Barden*, 389 P.2d 968 (Okla.1964), where the court noted other cases holding that damages to land were usually the cost of restoration if such cost was less than the fair market value of the property before and after the injury. *Id.* at 972–973 (citing *City of Ardmore v. Orr*, 35 Okl. 305, 129 P. 867 (1913); *Ellison v. Walker*, 281 P.2d 931 (Okla.1955). These cases do indeed support defendants' argument.

To paraphrase and summarize plaintiffs' argument in response, these cases are inapplicable and outdated, as they ignore modern recognition of the need to protect the environment. Additionally, these damage limitation cases were applications to the recovery of *permanent* damages. Plaintiffs argue they are seeking, among other things, temporary damages, to which there is no limitation. *See Miller v. Cudahy*, 858 F.2d 1449, 1456–57 (10th Cir.1988) (value of land is not a limitation to temporary damages for nuisance abatement). They also seek damages for annoyance and inconvenience, items that are separate and distinct from nuisance damages. *See City of Shawnee v. Bryant*, 310 P.2d 754 (Okla.1957).

Plaintiffs assert several damages theories, some of which have no land value limitation. Thus to enter an order at this time limiting damages would be inappropriate. Therefore, defendants' motion on this point must also be denied.

## VI.

### CONCLUSION

For the reasons set forth above, defendants' motion for summary judgment or

for partial summary judgment is, in all respects, DENIED.

IT IS SO ORDERED.